Filed February 12, 1896.

---

No. 1,814.

## RICHCREEK v. MOORMAN ET AL.

PUBLIC IMPROVEMENT.—*Description.*—*Street Assessment.*—An assessment against 163 feet of a lot described by number in a certain addition is sufficiently definite and certain.

SAME.—*Street Assessment.*—*Waiver.*—*Estoppel.*—A property owner who executes a written waiver of objection to the illegality or irregularity of an assessment for public improvements, under section 4297, R. S. 1894, allowing payment in annual installments upon the execution of such a waiver, cannot afterwards be heard to question the regularity of the assessment.

Richcreek *v.* Moorman *et al.*

SAME.—*Installment, When Due and Payable.*—The first installment of an assessment for public improvements payable in ten annual installments, under section 4297, R. S. 1894, providing that the first installment shall be due and payable when the first tax falls due after the completion and acceptance of the work, is due and payable at the next regular time following the completion and acceptance of the work and the making of the assessment that taxes are payable, whether it be the April or November installment, although if the assessment had not been made payable in installment it would have been payable in the following April.

From the Marion Superior Court.

*S. M. Richcreek,* for appellant.

*Beckett & Doan,* for appellees.

Ross, J.—This was an action brought by the appellant to foreclose a lien acquired for the improvement of a sidewalk along the west side of Central avenue, in Irvington, in front of property belonging to the appellee Moorman. The other appellees, except Nora K. Moorman, wife of the said Joel H. Moorman, were junior lien-holders, and made parties to answer as to their interests.

A demurrer filed by the appellees to the complaint was sustained by the court, and the correctness of this ruling is the only question before us.

The objections to the sufficiency of the complaint, as pointed out by counsel for appellees, are in brief as follows: (1) That it does not show that the board of trustees of the town of Irvington had any jurisdiction to pass an ordinance for the improvement of the sidewalk in question; (2) that this action was prematurely brought; (3) that the description of the property as contained in the final estimate and assessment is insufficient, and (4), because the assessment as apportioned is indefinite and uncertain.

It appears from the facts alleged in the complaint,

Richcreek *v.* Moorman *et al.*

that the appellee Joel H. Moorman, together with a number of other property owners along Central avenue, in the town of Irvington, presented to the board of trustees of said town, a petition for the improvement of the sidewalk along the west side of said avenue, and in front of their property; that at a regular meeting of the board, on the 6th day of March, 1894, an ordinance was passed to build a cement sidewalk along the west side of Central avenue as prayed for in said petition; that a profile and specifications were prepared, a day fixed for objections or remonstrances against said improvements being made, notice given, bids advertised for, the contract let, the work done and accepted, and the final estimate made and approved.

It is also averred that a waiver was duly signed by the appellee Joel H. Moorman, the owner of the property, waiving all illegalities or irregularities in the proceedings and assessment, and signifying his intention to pay such assessment in ten installments. That thereupon a bond with a coupon attached for each payment of said assessment, and the interest thereon payable semi-annually was issued to the contractors doing the work, the first payment thereon being made due and payable on the first Monday of November, 1894, the work having been completed, accepted and approved, on the 8th day of September, 1894; that the first installment was not paid or collected by the town of Irvington, and that the appellees failed and refused to pay said installment.

It further appears that the appellant is the owner by assignment of the bond and coupons, and that he requested payment of the first installment, and payment was refused by the appellees and the town authorities.

The question that first presents itself for consideration

is : Of what effect was the waiver signed by the appellee Moorman, the owner of the property?

The proceedings for the improvement in question were had under sections 4288–4297, Burns R. S. 1894. Under the provisions of section 4297, the appellees having promised and agreed in writing to waive any objection to the illegality or irregularity of the assessment, were permitted to pay the same in ten annual installments, with interest thereon, at six per cent. per annum as the town board should prescribe or require by ordinance or resolution, the first installment to be due and payable when the first tax fell due after the completion and acceptance of the work for which the assessment was made. Upon the execution of this waiver alone, depended the right of appellees to pay the assessment in installments, and having executed the agreement and release, cannot now be heard to question the regularity of the assessment.

"When the work is completed the property owner has his election to refuse to sign the agreement provided for, and stand upon his common law rights in respect to contesting the validity of the assessments made against him, in which case the assessment becomes due when made, or he may waive any irregularities, and secure the benefit of ten years' time by signing an agreement to that effect." *Quill* v. *City of Indianapolis*, 124 Ind. 292 (301).

Again, the improvement was made at the request and upon the petition of appellee Joel H. Moorman, the owner of the property against which the assessment in question is sought to be enforced, and he is not in a position to resist the payment of his just proportion of the cost of such improvement.

If the appellees had not agreed to waive their objections to the illegality and irregularity of the assessment,

the assessment was due and payable at once, and the signing of the waiver granted them the privilege of paying it in ten installments. But appellees insist that in this case no installment could, under the provisions of the statute, be made payable before the third Monday of April, 1895; that the language of the statute that "the first ten per cent. shall be due and payable when the first tax falls due, and payable after such assessment is made," can refer only to the April installment, inasmuch as that is the time when the tax is properly owing, although its payment may be divided into installments, payable at different times.

We cannot concur in this contention, for we believe that while the Legislature intended to permit the assessment to be paid in ten installments, it also intended that the first installment should be due and payable at the next regular time, following the completion and acceptance of the work and the making of the assessment, that taxes are payable, whether that be the April or November installment of such taxes.

The complaint shows that the appellee Joel H. Moorman, at the time he petitioned the town board for the improvement of the sidewalk along the west side of Central avenue, owned lot number 130, in Julian, Johnson, Rawl & Good's addition to Irvington, which said lot had a frontage on Central avenue of 163 feet; that the contract price for the improvement was 80 cents per lineal front foot, and that the assessment was $130.40. The assessment is against "163 feet of lot 130, in Julian, Johnson, Rawl and Good's addition." We think the assessment sufficiently definite and certain.

The pleader in drafting his complaint has not been in some particulars as clear and accurate in the statement of his facts as he probably should have been, yet we

think his complaint sufficient to withstand a demurrer and that the court below erred in sustaining the demurrer thereto.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed February 12, 1896.