## DUNKIRK LAND COMPANY ET AL. *v.*
## ZEHNER ET AL.

[No. 5,572.    Filed June 20, 1905.]

1. MUNICIPAL CORPORATIONS. — *Streets.* — *Improvements.* — *Assessments.*—*Engineer's Report.*—A failure of the common council to require the city engineer to include in his report of street improvements the frontagers' names and the full description of their lots invalidates an assessment for street improvements and destroys the lien thereof.    p. 697.

2. SAME. — *Streets.*—*Improvements.*—*Assessments.*—*Irregularities.*— *Waiver.*—*Personal Liability.*—A frontager who executed a written waiver of any illegality or irregularity in an assessment for street improvements and therein agreed to pay such sum in order to secure ten years in which to pay such assessment, instead of paying within twenty days on condition no waiver was filed, can not set up any illegality or irregularity in defense of an action to foreclose the lien of such assessment, and he is also liable personally for the payment of such assessment.    p. 697.

From Jay Circuit Court; *Clark J. Lutz,* Special Judge.

Action by Joseph Zehner against the Dunkirk Land Company and others. From a decree for plaintiff and cross-complainant, the other defendants appeal, the Dunkirk Land Company alone assigning error. *Affirmed.*

*Robbins & Starr,* for appellants.

*Adair & LaFollette, Cantwell & Simmons* and *R. H. Hartford,* for appellees.

MYERS, P. J.—On May 4, 1893, the common council of the city of Dunkirk, Indiana, by unanimous vote, passed and adopted a resolution declaring a necessity for the improvement of Broad street from North street to I street, in said city, and providing that the cost of such improvement be assessed per lineal front foot upon the real estate abutting upon that part of Broad street to be improved, except the portions thereof occupied by street and alley crossings. Thereafter such proceedings were had in that regard that

on January 20, 1894, said city of Dunkirk issued bonds aggregating the sum of $12,500, and delivered the same to appellee Joseph Zehner, the contractor for said improvement, who received said bonds at par in payment for the improvement so made. Said improvement was made and bonds issued under the provisions of the act of the General Assembly of the State of Indiana, approved March 8, 1889 (Acts 1889, p. 237), and amendments thereto (Acts 1891, p. 323 and Acts 1893, p. 283). §§4288-4297 Burns 1894. Appellee Zehner is the owner of all of said bonds, except one of the par value of $500, which is owned by the appellee Casparis Stone Company. All of the appellants and the appellee Casparis Stone Company were made defendants to the complaint of appellee Zehner. The Casparis Stone Company answered in general denial and by counterclaim against Zehner and all the appellants herein, basing its cause of action on said $500 bond. The complaint and counterclaim aver substantially the same facts. The appellant the Dunkirk Land Company demurred to the complaint of appellee Joseph Zehner, and to the counterclaim of appellee Casparis Stone Company, upon the grounds (1) for want of facts, and (2) that the court had no jurisdiction of the subject-matter of the cause of action. These demurrers were overruled, and the Dunkirk Land Company answered the complaint and counterclaim by general denial. The cause was then submitted to the court for trial, resulting in a decree in favor of Joseph Zehner upon his complaint, and in favor of the Casparis Stone Company upon its counterclaim, declaring and foreclosing the lien on said street assessments, and a personal decree against appellant the Dunkirk Land Company in favor of appellees in the sum of $8,697. the Dunkirk Land Company assigns as error the overruling of its demurrer to the complaint and counter-claim.

Appellants contend that the description of the real estate in the alleged assessment made by the city council of Dunkirk was insufficient to form the basis of a lien, and because

of such insufficient description no lien was created or ever existed, and the city of Dunkirk was without jurisdiction so to assess appellants' real estate. It is not claimed that the complaint is otherwise defective.

It appears from the complaint and counterclaim that the city civil engineer of the city of Dunkirk, upon the completion of said improvement, made a report and final estimate to the common council of said city, showing that said improvement was completed in accordance with the contract and ordinance for the same, and that the following was the apportioned cost of said work to the property owners whose property abuts on said street. We here use the estimates for two of the eighty-eight lots to show the form of the report on the question of description:

| Owner | Description | Feet | Per Foot | Amount |
|---|---|---|---|---|
| Ben. Johnson, trustee ...Lot 46 D.L.Co.Ad. | | 50 | $1.75 | $87.50 |
| Ben. Johnson, trustee ...Lot 47 D.L.Co.Ad. | | 50 | 1.75 | 87.50 |

It appears that the council adopted this report, and such proceedings were had that the cost of said improvement as apportioned to each lot by said engineer, was by the council assessed against each lot or parcel of ground bordering on the improved portion of said street. It further appears that thereafter, and within the time provided by statute, the appellant the Dunkirk Land Company executed a written waiver or agreement, and filed the same with the clerk of said city, in the words and figures following, to wit: "The undersigned, having been respectively assessed for the construction of Broad street from North to I street, in the city of Dunkirk, Jay county, Indiana, hereby severally promise and agree, in consideration of having the right to pay their respective assessments for said improvements in instalments, that they will not make any objection to their respective assessments, as to the illegality or irregularity of the same,

but will respectively pay the same instalments with interest thereon at such rate, not exceeding six per cent., as shall by ordinance or resolution of the common council of said city, be prescribed and required. Dated ............, 189..."

1. It was the duty of the common council of said city to require said engineer to report certain facts touching the improvement, one of which, as designated by statute, was "a full description, together with the owner's name, of each lot or parcel of ground bordering on said street so improved." A failure to comply with this statutory requirement has been held to be sufficient to invalidate the assessment, and without a valid assessment there can be no lien. *Lake Erie, etc., R. Co.* v. *Walters* (1894), 9 Ind. App. 684; *Becker* v. *Baltimore, etc., R. Co.* (1897), 17 Ind. App. 324; *Cleveland, etc., R. Co.* v. *O'Brien* (1900), 24 Ind. App. 547; *Brown* v. *Reeves & Co.* (1903), 31 Ind. App. 517; *Peru, etc., R. Co.* v. *Hanna* (1879), 68 Ind. 562.

2. Granting that, in the light of the above decisions of this court, the description of the real estate sought to be assessed by the council to pay for the street improvement was insufficient to meet the requirements of the statute calling for "a full description * * * of each lot or parcel of ground bordering on said street so improved," yet the description could be no more than illegal or irregular, which appellant Dunkirk Land Company expressly agreed to waive in consideration of a right to pay its respective assessments in instalments, and to make no objection to such assessments as "to any illegality or irregularity." Appellant Dunkirk Land Company knew its lots had been assessed for this improvement, and the amount of the assessments. Having this knowledge, two courses of action were open to it—one to refuse to pay and take advantage of "any illegality or irregularity" in the progression leading up to the assessment of its property; and the other to waive the benefit of any objection it might have on account of "any illegality or irregularity" in the proceedings of council by which its

property was so assessed. It chose the latter, and by this waiver and promise to pay thereby invited the city to issue bonds for the purpose of raising money with which to pay for such improvement, and to act further upon the identical proceeding which it now claims to be irregular and illegal. The objections now urged against the enforcement of the liens and claims of appellees ought not to prevail. *Richcreek* v. *Moorman* (1896), 14 Ind. App. 370; *Edward C. Jones Co.* v. *Perry* (1901), 26 Ind. App. 554.

In the Richcreek case, this court, in speaking of a waiver such as was filed in the case at bar, said: "Upon the execution of this waiver alone, depended the right of appellees to pay the assessment in instalments, and, having executed the agreement and release, [they] can not now be heard to question the regularity of the assessment. 'When the work is completed the property owner has his election to refuse to sign the agreement provided for, and stand upon his common-law rights in respect to contesting the validity of the assessments made against him, in which case the assessment becomes due when made, or he may waive any irregularities, and secure the benefit of ten years' time by signing an agreement to that effect.' *Quill* v. *City of Indianapolis* [1890], 124 Ind. 292."

In *Edward C. Jones Co.* v. *Perry, supra,* this court reaffirmed the case of *Richcreek* v. *Moorman, supra,* when it said: "The assessed property owner could not, after signing the agreement contemplated by §4294 Burns 1894 [Acts 1891, p. 323], be heard to question the irregularity or illegality of his assessment," and held that a promise to pay, incorporated in a waiver such as here filed, amounts to an express contract founded upon a valid consideration unconditionally to pay the sum of money fixed by the assessment, without regard to any future contingency, and "creates a personal liability upon the part of the property owner whose property may be assessed under" the provisions of the statute here invoked. In the course of the opinion it

was further said: "It is the history of the growth of cities and towns that the real estate therein at times rapidly increases in value and at other times as rapidly decreases in value. The lots and parcels of land abutting upon a street may be worth many times the amount of the assessments levied upon them at the time the improvement is made and the assessment falls due, and in a short time thereafter may be worth less than the assessment; but the cost of the improvement is fixed; the contractor has already expended his money. If permitted to foreclose his statutory lien at the time the assessment falls due, he would obtain his money; but the owner of the property, by an agreement which the statute simply permits, defers the time of payment for ten years. In order to do this he agrees to pay the debt. We can not hold that after so contracting, he can, if his property decreases in value to a point where it is not worth as much as the debt, throw the assessed real estate with the resulting loss upon the holder of the debt, and thus escape the consequences of his own act."

The reasoning of the court just quoted is applicable here. The purpose of the waiver is to give the property owner additional time to pay his apportioned part of the cost of the improvement. The filing of the waiver has that effect, and the city or contractor is powerless to prevent it. On neglect or failure to file such waiver within twenty days after date of the estimate, the contractor could have enforced payment of his debt under the provisions of §4298 Burns 1894, Acts 1891, p. 323, and, in attempting to compel payment, had it appeared that his lien was ineffectual because of an error in the final estimate, called an "assessment," the assessment could have been immediately amended or corrected, and the lien perfected and enforced without delay and the attending risk of a loss from a decrease in the value of the property avoided. *Becker v. Baltimore, etc., R. Co., supra.*

One of the very objects of the statute authorizing the

property owner to file a waiver is to cut off his right to make objections, such as are here claimed, years after the work is done and the improvement completed. To hold that such waiver and agreement amounts only to a promise to pay the assessment in case it is valid would be contrary to the wording of the statute, contrary to every principle of equity and fair dealing, and would permit the property owner to take advantage of his own act and promise, which might result in great damage and loss to the party doing the work and investing his money in the improvement. We can not agree to such contention.

As to the right of appellees to have personal judgment against appellant Dunkirk Land Company there can be no doubt. *Wayne County Sav. Bank* v. *Gas City Land Co.* (1901), 156 Ind. 662; *Edward C. Jones Co.* v. *Perry, supra.*

As we understand said appellant's brief, it is not insisting on the second cause stated in its demurrer.

The judgment in this case should be affirmed. Judgment affirmed.