Close *v.* Twibell—47 Ind. App. 290.

---

## CLOSE ET AL. *v.* TWIBELL ET AL.

[No. 6,843. Filed July 1, 1910. Rehearing denied December 13,
1910. Transfer denied March 16, 1911.]

1. APPEAL.—*Briefs.—Time for Filing.—Sundays.—Extensions.*—
Appellants have sixty days after submission within which to file
their briefs, but extensions may be secured; and in computing
such time the first day is excluded and the last one included, ex-
cept when it falls on Sunday, in which case it is also excluded.
p. 292.

2. MUNICIPAL CORPORATIONS.—*Street Assessments.—Bonds.—Com-
plaint.—Basis.*—A suit to foreclose the lien of street assessment
bonds is founded upon the street assessment and the bonds is-
sued in payment thereof, which constitute a lien upon the lots
affected. p. 295.

3. MUNICIPAL CORPORATIONS.— *Street Assessments. — Waiver. —
Heirs and Grantees.*—Where the owner of a lot waives any ir-
regularity in the assessment of his lot for street improvements,
and agrees to pay such assessment by instalments, such waiver
is binding upon his heirs and grantees. p. 295.

4. MUNICIPAL CORPORATIONS.—*Street Assessments. — Assessment
Roll.—Description of Property.—Sufficiency.*—Where the street
assessment roll describes the property assessed so that a surveyor
can find and establish the boundaries thereof, such description
is sufficient. p. 296.

Close v. Twibell—47 Ind. App. 290.

5. MUNICIPAL CORPORATIONS.—*Street Assessments.—Property Liable.*—Lots lying adjacent to a street and extending back fifty feet are primarily liable for street improvements, and if they be insufficient, other parcels in their order, back to one hundred fifty feet, are liable for the balance due. p. 296.

6. MUNICIPAL CORPORATIONS.—*Street Assessments.—Land "Adjacent" to Improvement.*—Where a lot fifty feet deep fronts on the east side of an improved street, and another, fifty feet deep lies east thereof, and another fifty feet deep lies still east of the second lot, but fourteen feet of the west side thereof is a public alley, such third lot is "adjacent" to such improved street, within the meaning of §4290 Burns 1901, Acts 1899 p. 237, §3, providing that where land is platted "the land lying immediately upon and adjacent to the line of the improvement and extending back fifty feet shall be primarily liable for the cost of the improvement" and then that other parcels in their order to the rear parcel of 150 feet shall be liable. p. 296.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Suit by George W. Close and another against Samuel B. Twibell and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*C. W. Kinnan, Louis Newberger* and *Charles W. Richards,* for appellants.

*L. B. Simmons,* for appellees.

WATSON, P. J.—This is a suit brought by appellants against appellees to enforce an alleged street improvement assessment made under the provisions of the act of 1889 (Acts 1889 p. 234), as amended in 1891 (Acts 1891 p. 323), commonly known as the Barrett law, and to foreclose the lien thereof against a certain lot, described in the complaint, made in the improvement of that street in 1893 and 1894, and seeking also to declare a lien, because of said assessment, upon certain back-lying lots to the 150-foot line from the improvement, and to subject the latter to sale in their order for any deficit that might remain after the sale of the abutting lot. Appellants were the owners of separate bonds, issued on account of the improvement, and appel-

lees, except the Northern Stone Company, were the owners at the time of the institution of the suit of the abutting and back-lying lots.

The complaint is in two paragraphs, the first one declaring on the assessment and the separate bonds of appellants issued on account thereof; the second one declaring on the assessment and the contractor's assignments to appellants by certificates of estimate and otherwise of so much of his interest therein as is represented by the amounts of their several bonds. To each paragraph appellees filed separate answers in general denial. Upon trial the court made a special finding of facts and stated thereon its conclusion of law, to wit: That appellants take nothing by their suit, to which conclusion appellants separately excepted. Judgment was rendered in favor of appellees.

The error relied on by appellants for reversal is that the court erred in its conclusion of law.

It is insisted that appellants' brief was not filed in time. The rules of the Supreme Court and this court require that appellants shall file their briefs within

1. sixty days from the date of submission. Appellants, before the expiration of sixty days, petitioned for and were granted thirty days' additional time. This made ninety days in which appellants had to file their brief. The ninetieth calendar day from the date of submission fell on Sunday. Section 1350 Burns 1908, §1280 R. S. 1881, provides that time "shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded." In the case of *Hogue* v. *McClintock* (1881), 76 Ind. 205, it was held that this statute is applicable to the filing of briefs, and therefore applies with equal force when an extension of time is granted.

In the special findings are the following facts: On April 3, 1893, and subsequently, Adams street extended north and south in the town, or city, of Montpelier, Indiana, from Water street to Monroe street. On said date the ground at

the northeast corner of said Adams and Windsor streets was platted and subdivided, together with others, into lots one and two of block two, in Rhine's first addition, and lot one in Miller's addition. Each lot is 150 feet long, north and south, and 50 feet wide, east and west. Said lot two, of the same block and addition, adjoins said last-mentioned lot one on the east. Next to the east of said lot two is an alley fourteen feet in width, and next to the east of said alley is said lot one in Miller's addition. The following plat shows the size and relative location of said lots, streets and alley, as shown by the assessment roll adopted by the board of trustees:

Said board of trustees in all things complied with the statutes with reference to making said improvement, contract and assessment against the property. On November 22, 1894, said board approved the report of said committee,

and approved and confirmed the several assessments set
forth in said engineer's final estimate and report so ap-
proved by said committee, and thereupon assessed said lot
one, block two, in Rhine's first addition, standing in the
name of William Twibell, in the sum of $452.62, on account
of said improvement as set forth therein.   To secure the
privilege of paying said assessment in ten equal, annual
instalments, said William Twibell, on December 12, 1894,
filed with the clerk of said town his written waiver, and, in
consideration of said privilege therein, agreed that he would
make no objections to any illegality or irregularity as to
said assessment, and would pay it and the several instal-
ments thereof with interest when due, which said waiver
and agreement said board accepted on the following day.
For the purpose of anticipating the collection of the afore-
said assessment, and others similarly deferred, said board,
on December 13, 1894, adopted an ordinance for the issu-
ance of bonds to the amount of $14,946.73, for the purpose
of raising the money to pay for said improvement, said
bonds to be issued in the name of said town and to contain
the name of the street so improved and to be payable in ten
equal, annual instalments, with interest at six per cent, pay-
able semiannually.   Among the bonds issued in pursuance
thereof was bond No. 9½ for the principal sum of $234.94,
and also bond No. 9¾ for the principal sum of $500, both
of which, by their terms, were made due and payable June
1, 1904, to bearer, with interest at six per cent without re-
lief from valuation or appraisement laws, said interest be-
ing payable semiannually, as evidenced by coupons thereto
attached.   Appellant, George W. Close is the owner of bond
No. 9½, on which there is due and unpaid the total sum of
$283.51, and appellant Richard D. Bakrow is the owner of
bond No. 9¾, on which there is due and unpaid the total
sum of $389.41.   Appellees Samuel B. and Inez C. Twibell
are now the owners of said lot one, block two, Rhine's first
addition.   Appellees Harry H. and Jeanette Nill are the

owners of said lot two, block two, Rhine's first addition. Appellees Thomas and Margaret A. Shull are the owners of said lot one in Miller's addition. Said lot one, block two, Rhine's first addition is worth not more than $300. More than ten days before the commencement of this suit, appellants served on each of the appellees written notice of the aforesaid assessment and the delinquency in its payment, that they were the owners respectively of said bonds and the amounts due thereon, and therein demanded of said appellees that they immediately pay the amount of said assessment, with interest, to the city treasurer.

It is insisted by appellees that the waiver set out and alleged in appellants' complaint is not binding upon Samuel B. and Inez C. Twibell and Harry H. and Jeanette Nill, either as heirs or grantees of William Twibell, deceased, for the reason that the complaint does not seek a personal judgment against the parties, and that such waiver is not the foundation of the suit. The suit is founded upon the assessments so made, and the bonds in payment therefor, which are a lien upon the lots owned by the heirs and grantees of William Twibell, he having waived any and all defenses of any illegality or irregularity as to the proceedings, as required by the statute, and having taken the benefit of the ten-year payment plan.

3. While it is true it is not sought in this suit to obtain a personal judgment against appellees, yet it is also true that when William Twibell, deceased, waived all defense of any illegality or irregularity as to the proceedings, he thereby waived it for his heirs and grantees, and it is therefore binding upon them. *Richcreek* v. *Moorman* (1896), 14 Ind. App. 370; *Edward C. Jones Co.* v. *Perry* (1901), 26 Ind. App. 554; *Dunkirk Land Co.* v. *Zehner* (1905), 35 Ind. App. 694; *Scott* v. *Hayes* (1904), 162 Ind. 548.

As to appellees Shull and Shull, no waiver was filed. By special finding number three, the court found that thirty-six

feet of the west side of lot one, block two, in Miller's addi-
tion to the city of Montpelier, is within a distance of 150
feet of Adams street, being the street upon which the im-
provement was made, and being between said Water street
and Windsor street in said city.

Appellees contend, however, that the assessment roll upon
final estimate did not sufficiently describe or identify the
real estate which this lien is sought to be enforced
against, and for that reason the assessment is void.

4.

The special findings show that the assessment roll,
upon the final estimate adopted by the board of trustees,
sufficiently describes the property so that a surveyor could
find and establish the boundaries thereof. *Cleveland, etc.,*
*R. Co. v. O'Brien* (1900), 24 Ind. App. 547; *Becker* v.
*Baltimore, etc., R. Co.* (1897), 17 Ind. App. 324.

The findings also show that the land lying immediately
upon and adjacent to the line of improvement, back 100
feet, is insufficient to satisfy the assessment so made.

5.

Section 4290 Burns 1901, Acts 1889 p. 237, §3, pro-
vides "that where such land is subdivided or platted
the land lying immediately upon and adjacent to the line
of the improvement and extending back fifty feet shall be
primarily liable to and for the whole cost of the improve-
ment, and, should that prove insufficient to pay such cost,
then the second parcel and other parcels in their order to
the rear parcel of said one hundred and fifty feet shall be
liable in their order." *Voris* v. *Pittsburg Plate Glass Co.*
(1904), 163 Ind. 599.

In 1 Page & Jones, Taxation by Assessment §622, it is
said: "The term 'adjacent' as ordinarily used means that
the property is near the improvement so as to be af-
fected thereby and so as to enjoy the use thereof, but
not necessarily touching such improvement. Ac-

6.

cordingly, it is possible that land which is separated from
an improvement by intervening land may be adjacent.
Thus, where an intervening strip of land two feet in width

separated a tract of land from a street, such tract was nevertheless held to be adjacent to such street.'' *Town of Woodruff Place* v. *Raschig* (1897), 147 Ind. 517.

While the holding in the case of *City of Frankfort* v. *State, ex rel.* (1891), 128 Ind. 438, seems to be in conflict with the views herein expressed as to the right to subject land beyond a public highway from the improvement and within the 150-foot distance therefrom, in that case it applied to unplatted land, and has been so construed in 1 Page & Jones, Taxation by Assessment §629, where it is said: ''Statutes restricting the depth to which property can be assessed often apply only to unplatted land. Under such a statute a highway cannot be assessed, nor can land separated from the improvement by a highway, be assessed.'' In support thereof they cite *City of Frankfort* v. *State, ex rel., supra.*

In this case we are dealing with platted and subdivided land. There is no authority to which we have been referred, nor can we find any which relieves the land from assessment within the distance prescribed by statute when platted and subdivided. This is true whether or not a highway runs through the land so designated to which the assessment attaches. The statute makes no exceptions, and we are without authority to do so.

The court erred in its conclusion of law. Judgment is reversed, with instructions to the trial court to restate its conclusion of law in this cause in favor of the appellants.