CITY NATIONAL BANK OF AUBURN *v.* VAN HOUTEN ET AL.

[No. 12,493.   Filed October 27, 1926.   Rehearing denied. February 21, 1927.   Transfer denied May 17, 1933.]

*H. W. Mountz, Willis Rhoads* and *C. M. Brown,* for appellant.

*W. W. Sharpless* and *Atkinson & Husselman,* for appellees.

NICHOLS, J.—Action by appellees challenging the validity of a lien acquired by appellant by virtue of a sewer assessment, the validity of a tax deed growing out of a tax sale on said lien, and to quiet their title against the same.

The complaint was to quiet title, simply alleging ownership of the real estate in appellees and a claim of some interest therein by appellant, which, it was alleged was unfounded.

Appellant filed an answer in two paragraphs, the first being a general denial and the second setting up that on October 26, 1915, appellee Edgar Van Houten, was the owner of the real estate involved, lying near to

the corporate limits of the city of Garrett. Prior thereto said appellee and other persons interested in and the owners of real estate in the vicinity of said lands, petitioned for the construction of a sewer from a point within said city along and past said real estate, and said city, on October 26, 1915, duly ordered the construction of such sewer as prayed for in the petition, and by due procedure assessments were made to pay for the cost of the construction thereof, upon the abutting property in proportion to the benefits to such property including appellees' land which was assessed for benefits in the sum of $179.40. After due notice a contract for the construction of said sewer was let by the said city as provided by law, to John Childs who duly constructed the same as provided in the plans and specifications. After the order for the construction of the said sewer and the levying of and approving of the said assessments, appellee Edgar Van Houten filed in the office of the city clerk in due time a written waiver of all objections, to the validity of the said assessment against his said lands, for the purpose of obtaining the privilege of paying the same in ten annual installments, in which he promised and agreed that in consideration of having the right to pay his respective assessments on account of said improvements by installments, he would make no objections to any irregularity or illegality with regard to the assessments made against his property and would pay the same when due, with interest thereon as prescribed and required by law.

Upon filing said waiver by said appellee, the city of Garrett issued a bond in the amount of his assessment, together with interest thereon as provided by law, and delivered it to said contractor as payment upon the amount due him for the construction of said sewer under his contract, and the said contractor, relying upon the said written waiver and the promise of appel-

lee therein made to pay the amount of the said bond without any objection on account of any irregularity of the said assessment or the proceedings for the establishment of the said sewer, accepted the said bond and credited the city with the amount thereof upon the amount due him under his contract.

Thereafter the said contractor, for a valuable consideration paid to him by appellant, sold, assigned and transferred the said bond to appellant, who, at the time of the purchase thereof, relied upon the said waiver of appellee filed by him and upon his agreement therein contained to waive all objections to the payment of the said assessment and to pay the amount of the said assessment and interest. Appellant also filed a cross-complaint against appellee in two paragraphs. The first setting up the facts concerning the construction of the sewer, the filing of the waiver and the issuing of the bond and asking to have the lien thereby created foreclosed, and the second paragraph setting up the tax sale and the tax deed and alleging that by such tax sale appellant had become the owner of said real estate and asked that the title thereto be quieted.

Appellees filed a reply in two paragraphs to the second paragraph of the appellant's answer, the first paragraph being a general denial, and the second alleging that at the time of the construction of said sewer and the levying of the assessments against appellees' real estate, the owners of said real estate were not residents of the city of Garrett, and the said real estate was not situated within the corporate limits of said city, and that for that reason the said real estate was not within the jurisdiction of the Common Council of the city of Garrett and that the assessment was therefore void. Appellees also filed an answer in two paragraphs to appellant's cross-complaint, the first being a general denial, and the second paragraph setting up substanti-

ally the same facts as their second paragraph of reply, and claiming that the assessment was void, and created no lien on their real estate, by reason of the fact that the real estate was situated outside the corporate limits of the city. This paragraph of answer admitted the signing and filing of the waiver, but alleged that when it was signed and filed there was no valid lien on said real estate and that therefore this waiver was executed without any consideration. Appellant filed respective demurrers to the appellees' affirmative paragraph of reply to its answer and to the affirmative paragraph of answer to its cross-complaint, each of which was over- ruled.

There was a trial by the court, practically all of the facts being admitted, and the court found for appellees upon their complaint, and rendered judgment quieting their title to said real estate, and adjudging that the appellant had no interest therein or lien thereon, and rendered judgment against the appellant for costs.

The errors assigned and relied on for reversal are: Error of the court in overruling the appellant's demur- rer to the second paragraph of appellee's reply; in over- ruling the appellant's demurrer to the second paragraph of appellee's answer to appellant's cross-complaint; and in overruling appellant's motion for a new trial.

The validity of the assessments for the construction of the sewer here involved was before this court in the case of *Stafford* v. *Childs* (1921), 75 Ind. App. 285, 130 N. E. 429, and we held that there was no authority to make the assessments, for the con- struction of the sewer outside of the city limits of Garrett, and that the appellants in that case were not estopped to deny the right to collect the same. But in that case certain of the property owners, among whom were the appellants therein, had not signed a waiver, and had

refused to pay the assessments, while in this case, as appears by the pleadings and the evidence, appellee signed a waiver and thereupon a bond was issued to the contractor who negotiated it to appellant who relied upon the waiver. After the decision in the Stafford case appellee refused to pay the assessment, and because of the default in payment the treasurer by due process caused the property to be sold as provided by law. The only question before this court in this appeal as we see the case, is as to whether after the execution of the waiver appellee can be heard to make any defense as to the illegality or irregularity of the assessment against his property. Section 8718, Burns R. S. 1914 being Sec. 10450, Burns R. S. 1926, expressly provides that any one desiring to exercise the privilege of paying by installments shall at the proper time enter into an agreement in writing that in consideration of such privilege, he will make no objection to any illegality or irregularity with regard to the assessment against his property, and will pay the same as required by law with specified interest. Pursuant to this statute, as appears by the pleadings and evidence, appellee did sign a written waiver of defenses in which he promised and agreed that in consideration of having the right to pay his respective assessments on account of said improvements by installments he would make no objections to any irregularity or illegality with regard to the assessments made against his property, and that he would pay the same when due with interest. Thereupon a bond for the amount of appellee's assessment was issued and delivered to the contractor, as part payment for his work, who negotiated it to appellant who relied upon the waiver in the purchase of it. Sec. 8720, Burns R. S. 1914, being Sec. 10454, Burns R. S. 1926, provides that after the issue of such bonds no suit shall lie to enjoin the collection of any assessment, and the validity of the

same shall not be questioned, but all property owners shall be exclusively [conclusively] estopped and precluded from in any manner assailing the effectiveness or validity thereof. The section further provides that all such bonds shall be negotiable as inland bills of exchange, and be free from all defenses, by any property owner. We can not conceive of a statute more mandatory in its terms. By it appellant, having signed a waiver, is conclusively prohibited from making any kind of defense to the validity of the assessment. *Richcreek* v. *Moorman* (1895), 14 Ind. App. 370, 42 N. E. 943; *Close* v. *Tribell* (1912), 47 Ind. App. 290, 92 N. E. 377; *Dunkirk Land Co.* v. *Zehner* (1905), 35 Ind. App. 695, 74 N. E. 1099.

We are not here concerned with the validity of the assessment, but with the right of appellee in any manner to make such a defense. The court erred in overruling the respective demurrers to appellee's second paragraph of reply, and to his second paragraph of answer to the cross-complaint, and in overruling appellant's motion for a new trial.

Reversed.