MEE *v.* LAFAYETTE LOAN & TRUST COMPANY ET AL.

[No. 16,780.   Filed May 8, 1942.   Rehearing denied June 17, 1942.]

*Roberts & Roberts,* of Lowell, and *George E. Hershman,* of Crown Point, for appellant.

*Frank B. Pattee* and *Wendell C. Hamacher,* both of Crown Point, for appellees.

BLESSING, J.—On or about November 5, 1923, the Town Board of Lowell, Indiana, adopted a resolution for the construction of a trunk line sewer to be constructed through certain sections of said incorporated town and also for the construction of certain collateral or local sewers with their outlets in said trunk line. Further proceedings were had culminating in the construction of said trunk line or district sewer and certain collateral or local sewers. The cost of the trunk line sewer was assessed against the real estate within the improvement district beneficially affected thereby, and the cost of the local sewers was assessed against the lots and parcels of real estate abutting on the line of said local sewers. During all this time one Harry Ewer was the owner of an unplatted parcel of real estate 462 feet in length, north and south, and 99 feet in width, east and west, all within the corporate boundaries of said town. The north end of this tract abutted on Commercial avenue on which no sewer was constructed, and the south end thereof abutted on Oakley avenue, on which street a lateral or local sewer was constructed as a part of said sewage system. No platted lots abutted on the above described Ewer tract. For the construction of the district sewer this parcel of land was assessed

in the sum of $211.80, and for the construction of the local sewer on Oakley avenue the same parcel was assessed in the sum of $184.22. After the confirmation and adoption of the assessment roll and after notice thereof to the said Ewer and within the statutory period, the said Ewer filed his written statutory waiver with the clerk-treasurer of said town whereby he waived all irregularities and illegalities with regard to the assessments against his real estate and elected to pay the same in ten equal annual installments. The board of town trustees thereafter executed special assessment improvement bonds for the amount of the special assessments finally approved and for which waivers were signed and filed, and delivered the same to the contractor in part payment of the cost of construction of said sewage system. On or about the 15th of May, 1926, the appellant became the owner by purchase from the said Harry Ewer of a portion of the tract of real estate hereinbefore described, the deed to appellant, in so far as the same is involved in this appeal, conveying to her a strip of ground 232 feet in depth off of the north end of said Ewer tract. The south boundary of the parcel of real estate conveyed to appellant is more than 200 feet north of the north line of Oakley avenue, on which was constructed a local sewer, and no part of a district sewer was located within 200 feet of said parcel. Appellees herein at the time of the commencement of this action were the owners of a number of the bonds issued in payment for the construction of the sewage system of said town of Lowell with certain credits thereon; and said bonds being past due and in default, this action was brought to foreclose, among others, the liens on the real estate herein first described and including the parcel owned by the appellant. To the complaint filed by the appellees, the appellant filed an answer in five

paragraphs. Trial before the court resulted in a judgment establishing a lien in favor of appellees in the sum of $692.11 principal and interest and $39.60 attorney fees on the original Ewer tract, which was ordered sold to satisfy said indebtedness.

It is from this judgment that appellant appeals.

Upon error properly assigned, it is the contention of appellant that the assessment levied against that part of the Ewer tract now owned by appellant to provide funds for the construction of the local sewer on Oakley avenue was void, and by reason thereof no lien attached to her real estate.

Appellant's contention is founded on the proviso in § 48-3902, Burns' 1933 which restricts an assessment on unplatted land to a depth of 200 feet where there are no platted lots next adjoining such unplatted ground.

It is conceded by appellees that the town board exceeded its authority when it levied an' assessment for the construction of the Oakley avenue local sewer on the whole of the Ewer tract; but they contend that the filing of the statutory waiver by Ewer now precludes appellant from making any defense to appellee's action to foreclose the assessment lien.

Section 48-3904, Burns' 1933 provides that the provisions of the statute of this State concerning the enforcement of assessment liens for street improvements shall apply fully to the enforcement of assessments made for the construction of sewers.

In examining the statutory provisions governing the enforcement of assessments for street improvements, we are required to take note of a part of § 48-2717, Burns' 1933 wherein we find that if an owner of property desires to take advantage of the privilege of paying his assessments in installments he is subject to the following provision:

"Whoever desires to exercise such privilege of paying by instalments shall at any time before the expiration of thirty [30] days after the allowance of the final estimate aforesaid, enter into an agreement in writing that in consideration of such privilege, he will make no objection to any illegality or irregularity with regard to the assessment against his property and will pay the same as required by law with specified interest."

It is further provided by § 48-2711, Burns' 1933 that where a property-owner or property-owners, has or have exercised the option to pay in installments, such property-owner or owners shall be concluded thereby, and shall not be permitted to set up any defense whatever.

In addition to these statutory provisions our attention has been directed to the case of *City National Bank of Auburn* v. *Van Houten* (1933), 96 Ind. App. 656, 153 N. E. 782. In view of the above statutory provisions and the decision in the Van Houten case, we are of the opinion that the appellant cannot prevail in her contention. Appellant undertakes to distinguish the case at bar from the Van Houten case on the ground that in the latter case the land owner joined in the petition for the improvement. The opinion in the Van Houten case clearly discloses however that the decision in that appeal was determined solely on the effect of the statutory waiver. In the Van Houten case, *supra,* the land assessed was wholly outside the corporate limits of Garrett, while in the instant case the town authorities had an unquestioned right to assess a part of the Ewer real estate. The fact that the assessment was levied on the whole tract was an "illegality" that the land owner could and did waive. When Ewer signed and filed his waiver he not only bound himself personally, but likewise thereby established the assessment as a valid and subsisting lien against the tract

covered by the assessment roll. The lien having become fixed, it was binding on his grantee, and appellees were entitled to maintain their action for foreclosure. *Close v. Twibell* (1911), 47 Ind. App. 290, 92 N. E. 377.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 684.