CROSS, Chief Judge.
The petitioner, State of Florida ex rel. George B. Furman, appeals from an order discharging an alternate writ of mandamus [1] entered in favor of the respondents, Phillip E. Searcy, Director, Environmental Health Division, Brevard County, Florida; Lee Wenner, Richard B. Mul-drew, Guy M. Brewster, George J. King, Jr., and A. J. Hurst, constituting the Board of County Commissioners of Brev-ard County, a political subdivision of the State of Florida, in an action seeking to compel the issuance of a permit to install a septic tank. We reverse.
George B. Furman, the owner of a parcel of real property located in Brevard County, Florida, made application to the Brevard County Health Department for a permit to install a septic tank. Mr. Furman met all the requirements for the issuance of the permit with the exception that he refused to execute a contract entitled “Agreement for a Temporary Sep *432 tic Tank Permit”[2] and refused to pay a two-dollar fee to the clerk of the circuit court for the recording of the instrument. The execution of this agreement was made a prerequisite to the issuance of the permit under regulations established by the Brev-ard County Board of County Commissioners under chapters 67-1143 and 67-1145, Laws of Florida 1967.
Upon the refusal of the Brevard County Health Department to issue the permit, Mr. Furman filed his petition for mandamus against the respondents, alleging in essence that he had met all the requirements for granting the permit with the exception of the procedural rule requiring the execution of the above agreement. Based upon the said petition properly sworn to, the lower court issued its alternate writ of mandamus requiring the respondents to issue the permit or to show cause why they had not done so.
Thereafter respondents filed their motion to dismiss which came on for hearing before the lower court and resulted in the lower court’s denying respondents’ motion. Respondents then filed their answer to the alternate writ of mandamus denying that the petitioner had a clear right to the issuance of the permit, and further denying that the petitioner had met all the requirements for the issuance thereof. As an affirmative defense the respondents asserted that they had adopted a resolution requiring before the issuance of a permit the execution of the agreement, and that petitioner had failed to execute it.
The cause came on for hearing for the issuance of the peremptory writ. The lower court took judicial notice of two special acts of the Legislature of Florida, chs. 67-1143 and 67-1145, Laws of Florida 1967, and entered its order dated October 2, 1968, dismissing the alternate writ of mandamus. The court determined that the regulation promulgated by the respondents was a reasonable and necessary requirement to place an applicant for a temporary septic tank on notice as to “time *433 as well as distance” within which the permit holder would be required to connect to a sewerage system. It is from this order discharging the alternate writ of mandamus that the petitioner now appeals.
The question for this court’s determination is whether the contractual agreement in question is properly within the bounds of necessity having an actual and reasonable relation to the maintenance and promotion of the public health, or whether the contract has no reasonable relation to any proper governmental purpose and thus is violative of the petitioner’s right to substantive due process.
Both the United States Constitution Fourteenth Amendment and the Florida Constitution § 12 of the Declaration of Rights, guarantee the concept of substantive due process to citizens of the State of Florida as a safeguard against state actions. The phrase “due process of law” when applied to substantive rights as distinguished from procedural rights means that a state or municipality is without right to deprive a person of life, liberty or property by an act having no reasonable relationship to any proper governmental purpose.
While it has been recognized that the preservation of the public health is one of the prime duties of the state or municipality, and thus the enactment or enforcement of necessary and reasonable health laws and regulations is a legitimate exercise of police power inherent in the state or municipality, when the validity of any health regulation is questioned the test adhered to by the courts is whether the regulation has some actual or reasonable relation to the maintenance and promotion of the public health, and whether health is in fact the end sought to be attained. Watson v. Mayflower Property, Inc., Fla.App.1965, 177 So.2d 355. If the end sought to be attained is not the promotion of the public health, then'the constitutional right of the property owner to make a legitimate use of his land may not be curtailed by unreasonable restrictions under the guise of police power. State of Washington ex rel. Seattle Title Trust Co. v. Roberg, 1928, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210; Burritt v. Harris, Fla.1965, 172 So.2d 820.
Municipalities in Florida are granted the right to provide for the construction or reconstruction of sanitary sewers or sewer improvements by the levying of special assessments upon benefitted property under the provisions of F.S.1951, Section 184.05 F.S.A., with subsection (5) thereof providing and allowing for objections.[3]
The contract under attack in the instant case requires of the party seeking a permit to install a septic tank to agree to pay to the utility company immediately prior to the connecting-up to the central sewer lines the reasonable prorata cost of the sewer lines which will serve the party’s property. The contract requires the party to agree to pay to any utility company operating the central sewerage system the prescribed monthly rate charges then in effect as regulated by Brevard County or other governmental regulatory authority. Further, the party executing the septic tank agreement must acknowledge and agree that the installation of sewer lines into the sub *434 division shall as to each lot in the subdivision, including property of the party, be and constitute an improvement to each such lot to the extent of the reasonable prorata cost for such installation.
Cases are uniform throughout the United States which allude to the proposition that a property owner who agrees in writing to pay his proportion of the assessment for an improvement cannot set up irregularities in'the levy of assessment to defeat its collection.' City National Bank of Auburn v. Van Houten, 1926, 96 Ind.App. 656, 153 N.E. 782; Dunkirk Land Co. v. Zehner, 1905, 35 Ind.App. 694, 74 N.E. 1099; City of McComb v. Flowers, 1930, 156 Miss. 87, 125 So. 565; 14 McQuillin, Municipal Corporations 3d ed. § 38.193; 63 C.J.S. Municipal Corporations § 1467 at 1260.
The agreement in question could be held to operate as a waiver or estoppel to the question of the legality of the municipal sewer assessment. Thus the party signing such an agreement could waive or be es-topped to assert his right to object under § 184.05(5), F.S.A.
We are of the opinion that the requirement as a condition precedent to the issuance of a permit for the installation of a temporary septic tank of signing the above alluded to agreement is an arbitrary and unreasonable regulation violative of the substantive due process rights of the party seeking the permit. The regulation requiring the signing of the agreement attempts to circumvent the right of the property owner to contest the assertion that his property has been benefitted by the installation of sewerage lines and to question any monthly service charges which may be incurred for the service. The respondents have ample statutory authority by which they may provide for the funding of a central sewerage system, without using means which infringe upon basic rights.
For the foregoing reasons, the order discharging the alternate writ of mandamus is reversed and the cause is remanded to the trial court with directions to issue a peremptory writ of mandamus directing the respondents to issue the permit to the petitioner for the installation of the septic tank.
Reversed and remanded with directions.
OWEN, J., and MacMILLAN, HUGH, Associate Judge, concur.

. See State of Florida ex rel. Ware v. City of Miami, Fla.App.1958, 107 So.2d 385, where order discharging alternate writ of mandamus was held to be a final appealable order when entered after consideration of the case on its merits.

. Agreement for a Temporary Septic Tank Permit.
WHEREAS, the undersigned (is) (are) the fee title owner (s) of the following-described real property:
and,
WHEREAS, the undersigned (has) (have) applied to the Brevard County Health Department for a permit for a temporary septic tank ; and,
WHEREAS, it is considered that a central sewerage system should and will for public health protection become available to the above-described property, and that the use of a septic tank shall be permitted on such property only until such central sewerage system has been constructed and is operating;
NOW, THEREFORE, in consideration for the issuance of a temporary septic tank permit, it is agreed by the undersigned (his) (her) (their) heirs and successors in title, within ninety (90) days after receipt of written notice that central sewage lines are available in a public right-of-way or easement abutting said property or within two hundred (200) feet of any building constructed on the above-described property, the permit for a temporary septic tank shall thereupon terminate and the undersigned shall forthwith connect to said sewage lines and shall thereafter utilize the central sewerage system and shall thereupon cease any further use of any septic tank on said property. The undersigned covenants and agrees to pay immediately prior to such connection to the utility company operating said central sewerage system the reasonable prorata cost of the sewage lines which will serve the said property; the undersigned further agrees to pay to the said utility company the prescribed monthly service charges then in effect as regulated by Brevard County or other governmental regulatory authority.
The undersigned hereby acknowledges and agrees that the installation of sewer lines into the subdivision shall, as to each lot in the subdivision, including the above-described property of the undersigned, be and constitute an improvement to each such lot to the extent of the reasonable prorata cost for such installation.
The covenants herein contained are intended to inure to the benefit of the public and the utility company herein referred to, which said company shall be deemed a third party beneficiary hereof and shall also run with the land and shall be binding upon the undersigned and (his) (her) (their) heirs, successors and assigns, and all persons claiming by, through and under (him) (her) (them).

. F.S. § 184.05 (5), F.S.A. All objections to any such resolution on the ground that it contains items which cannot be properly assessed against property, or that it is, for any default or defect in the passage or character of the resolution or the plans or specifications or estimate, void or voidable in whole or in part, or that it exceeds the power of the council, shall be made in writing, in person or by attorney, and filed with the clerk at or before the time or adjourned time of such hearing. Any objections against the making of a sewer improvement not so made shall be considered as waived, and if an objection shall be made and overruled or shall not be sustained, the confirmation of the resolution shall be the final adjudication of the issues presented unless proper steps shall be taken in a court of competent jurisdiction to secure relief within ten days.