## BLAIR *v*. THE SHELBY COUNTY AGRICULTURAL AND JOINT STOCK ASSOCIATION and OTHERS.

PARTIES.—In a suit brought by one person, for himself and others having a common interest with him in the cause of action, the complaint asked that the money sued for should be paid into court for the benefit of the several persons interested therein, or their assigns. A schedule of the names of the persons interested, and the several amounts due to each was filed with the complaint, by which it appeared that several of these persons had assigned their claims to the person prosecuting the suit. On a demurrer for a defect of parties, because the persons who had assigned were not made parties to answer as to the assignment, it was

*Held*, that as the suit was prosecuted for the benefit of the persons interested, the question of the assignment was not involved, and that there was no defect of parties.

APPEAL from the *Shelby* Common Pleas.

GREGORY, J.—*Blair*, on behalf of himself and numerous other citizens of *Shelby* county, filed a complaint against the appellees, in which it is averred that on the 11th of *June*, 1859, the *Shelby County Agricultural and Joint Stock Associ-*

*ation,* by its officers, executed to *Susan Worland* a mortgage on a tract of land, which is described, to secure the payment of two notes therein specified; that the mortgage was recorded on the 11th of *August,* 1859; that on the 26th of *April,* 1865, the mortgage remained due and wholly unpaid, and that there was then due thereon $1,036 30; that on that day the complainants purchased from *Susan Worland* the mortgage, and before the payment of the money therefor, elected *Vanpelt, Devol* and *Arnold* trustees, to take the assignment of, and hold the same in trust for them. A list of the names of the persons on whose behalf the purchase was made, and the sum advanced by each, is set forth in an exhibit; that *Vanpelt, Devol* and *Arnold* accepted the trust, and received the assignment, and paid therefor $1,036 30, furnished and advanced by the complainants. Copies of the mortgage and assignment are made parts of the complaint. That in 1867, the *Shelby County Agricultural and Joint Stock Association* sold and conveyed the land embraced in the mortgage to *Stewart,* for $2,000, and received a portion thereof; that no part of the purchase money had been applied to the payment of the mortgage; that the same remained due and wholly unpaid; that the lands mortgaged are the only property of which the *Agricultural and Joint Stock Association* were or are possessed; that the trustees had wholly neglected to prosecute and foreclose the mortgage, or to collect any part of the mortgage debt, but, on the contrary, had colluded with the mortgagor, through her officers, to defraud the complainants out of the money due to them upon the mortgage, and had received large sums of the purchase money, and applied the same to the payment of junior incumbrances upon the lands, in violation of their trust, and to the injury of the complainants, in the sum of $1,500. That the complainants had no knowledge or belief of the exact amount of the purchase money paid by *Stewart,* or the amount remaining unpaid, or of the amount received by the trustees, and misapplied. That the complainants had not the possession of the notes secured by

the mortgage, and therefore could not make copies thereof
a part of the complaint. That the notes were in the pos-
session of the trustees. Prayer: That the trustees be sev-
erally required to answer under oath as to the amount by
them received upon the mortgage from or on account
of the sale of the lands, or otherwise, and that for such
amount the complainants have judgment against the trustees
individually, and for the residue of the mortgage debt, that
the mortgage be foreclosed, and the premises sold, or so
much thereof as might be necessary to pay the same, and
the money, when realized, be paid into court for the use of
the complainants, the sundry citizens who advanced the
sums of money and purchased the mortgage, *pro rata* on the
amounts so advanced, or *to the assignees* of such as had as-
signed and transferred their interest in and to the mortgage.
A schedule of the names of the parties and the amounts of
their interest then held in the mortgage by each and every
person entitled to contribution in the fund is filed in an ex-
hibit, showing, among other things, that a number of the
original contributors to the fund had assigned their respect-
ive claims to *Blair*.

The trustees, *Stewart* and the *Agricultural Association* were
made defendants.

The appellees demurred to the complaint on the ground
of a defect of parties defendants, in that the persons
who assigned to *Blair* (setting out their names) are not
made defendants to answer as to their interest, and that the
complaint does not state facts sufficient to constitute a cause
of action against the defendants. The demurrer was sus-
tained by the court below; this is assigned for error, and
presents the question in the case.

The question of parties is the only one argued. The code
provides that " of the parties in the action, those who are
united in interest must be joined as plaintiffs or defendants;
but, if the consent of any one who should have been joined
as plaintiff cannot be obtained, he may be made a defend-

Blair *v.* The Shelby Co. Agricultural & Joint Stock Association and Others.

ant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." 2 G. & H., § 19, p. 47. One hundred and thirty-eight persons contributed to the fund, one hundred and three of whom had, by a written instrument, assigned their respective claims to *Blair.* But it is claimed that *Blair* could only sue for those having a common interest with him, and could not sue for those who had assigned to him. That as to them, they were necessary parties. *Blair* was one of the original contributors, and as such he brings this suit for himself and those having with him a common interest in the trust fund. The provision of the code that "when any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action;" does not apply. The action is not "brought by the assignee of a claim," but is brought by *Blair* for himself and all those who have with him a common interest. If a part of the original contributors have assigned, they have ceased to have an interest in the subject matter of the suit; if they have not assigned, then they are represented by *Blair.* The defendants have no interest to be protected by the settlement of the question of the alleged assignment. The money can be paid into court, and the rights of the parties having an interest in the fund can be settled. That is a matter in which the defendants have no interest whatever. The court below erred in sustaining the demurrer.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings.

*B. F. Davis,* for appellant.

*E. H. Davis* and *C. Wright,* for appellees.