WAYNE COUNTY SAVINGS BANK *v.* THE GAS CITY LAND COMPANY ET AL.

[No. 18,951.   Filed March 27, 1901.   Rehearing denied June 27, 1901.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Bonds.—Assessments.—Personal Judgments.*—Where a property owner against whom street improvement assessments have been made executes the waiver, as provided by §4294 Burns 1894, agreeing that he will make no objection to the assessments on account of illegality or irregularity, and that he will pay all of said assessments with interest, he thereby becomes personally liable for any deficit in payment of the assessments, interest, and costs after the sale of the lots on foreclosure of the lien.

From the Grant Circuit Court.   *Reversed.*

*John Cantwell, S. W. Cantwell, L. B. Simmons* and *O. L. Cline,* for appellant.

*W. H. Charles, R. T. St. John, J. F. Elliott, W. C. Overton, Dan Waugh, L. J. Kirkpatrick, J. F. Morrison* and *S. R. Hamill,* for appellees.

DOWLING, C. J.—The appellant became the owner of street improvement bonds amounting to $16,890.67, issued by the city of Gas City under the provisions of the act of the General Assembly of the State of Indiana, approved March 8, 1889 (Acts 1889, p. 237, §§4288-4294 Burns 1894), known as the "Barrett law". These bonds were payable out of the fund to be derived from assessments made against a large number of town lots abutting on the street improved, owned by the appellee, the Gas City Land Company. In consideration of the privilege of paying the said assessments in instalments covering a period of ten years, the said Gas City Land Company executed the waiver and agreement in writing provided for in the said statute, whereby it promised and agreed that it would make no objection to any of said assessments on account of illegality, or irregularity, *"and that it would pay the said assessments against each and all of the said lots with interest,"* etc.   Default in

said payments having been made, and the whole amount of the assessments having become presently due by reason thereof, suit was brought by the appellant upon the said assessments and agreement to enforce and foreclose the lien given by the statute, and for a personal judgment against the said·lot owner. The complaint contained a very full and specific recital of the facts necessary to be stated, and the Gas· City Land. Company filed its answer in denial and alleging payment. The case was submitted to the court·for trial, and at the request of the appellee a special finding of facts was made, and the conclusions of ·law were stated thereon. The errors assigned question the·correctness of the *third* conclusion of law; and the refusal of the court to modify the judgment.

The substance of the *third* conclusion was, that the sums found due to the appellant, on account of the assessments for ·the street improvement, were specific liens upon the lots described; that the appellant was entitled to a foreclosure of his liens, and the sale of each·lot to satisfy the same; and that appellant was not entitled to execution against the appellee, the Gas City Land Company, for the collection of any balance remaining unpaid after the sale of the lots.

The appellee insists that there·is no personal liability for the assessments, and that the remedy of the contractor, or the holder of street improvement bonds, is against the real estate alone. The cases of *Quill* v. *City of Indianapolis,* 124 Ind. 292, 7 L. R. A. 681; *Barber, etc., Co.·v. Edgerton,* 125 Ind. 455, *Porter* v. *City of Tipton,* 141 Ind. 347; *Cleveland, etc., R. Co.* v. *Jones Co.,* 20 Ind. App. 87,.92; *Board, etc.,* v. *Fullen,* 111 Ind. 410; *Taylor* v. *Palmer,* 31 Cal. 240; *City of St. Louis* v. *Allen,* 53 Mo. 44, are cited by appellee, but none of them touches the question to be decided here.

The statute imposed no personal liability for the cost of the improvement. It did provide, however, for the voluntary execution by the property owner of an agreement in

writing, by which, in consideration of an extension of the time of payment and the privilege of making such payment in instalments, the property owner agreed (1) to waive objection to all irregularity and illegality in the proceedings, and (2) *to pay the assessments.* The appellee executed such an agreement. It was a simple contract, supported by sufficient consideration, entered into voluntarily, and created a personal liability for the payment of the assessments. The lots assessed were primarily liable for the cost of the improvement, and, by reason of its agreement to pay the assessments, the appellee became responsible for any deficit of such cost, and interest, after the sale of the lots on foreclosure of the lien. *Floyd* v. *Atlanta Banking Co.,* 109 Ga. 778, 35 S. E. 172; *Jones Co.* v. *Perry* (26 Ind. App.), 57 N. E. 583.

The situation of the appellee is much the same as if it had executed its promissory note to the contractors for the amount due, waiving all defenses arising from irregularities and illegal proceedings, payable upon the foreclosure of the lien, and subject to credit for the proceeds of the sale of the lots upon such foreclosure. The exception to the *third* conclusion of law should have been sustained.

For the error of the court in stating said conclusion, the judgment is reversed, and the court is directed to restate its *third* conclusion of law in conformity with this opinion, and to render judgment thereon for the sale of the said lots, and for the collection of any balance by levy upon and sale of any other property of the said Gas City Land Company subject to execution.