# SCOTT ET AL. *v.* HAYES ET AL.

### [No. 20,236.   Filed April 29, 1904.]

MUNICIPAL CORPORATIONS.—*Street Improvement Bonds.*—*Collection.*—The owners of street improvement bonds issued under §4296 Burns 1894 for the purpose of anticipating the collection of the assessments for street improvements are authorized by §§4290, 4294 to sue upon the same and to enforce their collection by foreclosure or otherwise. *p. 550.*

SAME.—*Street Improvement Bonds.*—*Collection.*—No resolution of the common council is necessary to authorize the owners of street improvement bonds, issued under §4296 Burns 1894, to bring suit to collect such bonds. *p. 550.*

SAME.—*Street Improvement Bonds.*—*Collection.*—The owners of street improvement bonds issued under §4296 Burns 1894 are not required to make a demand upon the city to pay or collect the bonds before bringing suit thereon. *pp. 550, 551.*

SAME.—*Street Improvements.*—*Waiver by Lot Owner.*—*Promise to Pay.*—*Personal Judgment.*—Section 4295 Burns 1894 extending the privilege of paying street improvement assessments to all persons without regard to the sum assessed does not change the conditions on which the privilege of paying the assessments in ten annual instalments depended so as to relieve the lot owner from the "promise to pay." *p. 551.*

SAME.—*Street Improvement Bonds.*—*Foreclosure.*—*Complaint.*—*Formal Allegations.*—The allegation in a complaint in a suit on street improvement bonds that the city failed or refused to pay the amount of the assessments is strictly formal, and requires no proof. *p. 552.*

SAME.—*Street Improvement Bonds.*—*Interest.*—A provision in an ordinance directing the issuing of improvement bonds, naming the rate of interest they were to bear, was a sufficient compliance with the statute requiring the common council to establish the rate of interest on all unpaid instalments. *p. 553.*

SAME.—*Street Improvement Bonds.*—*Attorney's Fees.*—Attorney's fees are properly included in a judgment in a suit to collect street improvement bonds. *p. 553.*

From Howard Superior Court; *Hiram Brownlee,* Judge.

Action by William J. Hayes and others against Enos A. Scott and wife. From a judgment for plaintiffs, defendants appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Milton Bell, W. C. Purdum* and *B. C. Moon,* for appellants.

*C. O. Willits* and *W. R. Voorhis,* for appellees.

Scott v. Hayes.

Dowling, J.—The appellees were the owners of certain street improvement bonds issued by the city of Kokomo under §4296 Burns 1894 of the act generally known as the Barrett law, and the amendments thereof, for the purpose of anticipating the collection of assessments. The appellant owned six lots bordering upon the part of the street improved, and, in consideration of the privilege of paying his assessment in ten annual instalments, he executed the agreement provided for by the statute, waiving all illegality and irregularity in the proceedings, and expressly promising to pay the sum of the assessments. He failed to make such payments, and this action was brought by the appellee to enforce the lien of the assessment against the said lots, and to recover a personal judgment against the appellant for any deficiency in case the lots did not sell for enough to pay the amount of the assessment, interest, attorney's fees, and costs. A demurrer to the complaint was overruled. The defendants, Scott and wife, filed an answer in three paragraphs, the first of which was a general denial, the second a plea of payment, and the third, addressed to so much of the complaint only as sought the recovery of attorney's fees and penalties denied that the defendants agreed to pay such fees and penalties, and averred that they promised to pay the assessments with interest and nothing more. The defendant Enos A. Scott filed a separate answer of want of consideration for his promise to pay the assessments. Replies in denial. Trial by the court, and finding for the plaintiff. Motion by appellant Enos A. Scott for a new trial overruled. Judgment on finding. Separate motions to modify the judgment by striking out each part thereof declaring a personal liability of Enos A. Scott for the assessment, the interest, and the attorney's fees. These motions were overruled. Error is assigned upon all these rulings.

The first objection taken to the complaint is that no default of the city of Kokomo in collecting the assessments

is averred; and, second, that it does not appear that a resolution was passed by the common council authorizing the plaintiff to bring this action.

. The bonds in question were issued under §4296 Burns 1894, for the purpose of anticipating the collection of the assessments for the improvement. Sections 4290, 4294 Burns 1894 authorized the owner of such bonds to sue upon the same, and to enforce their collection by foreclosure or otherwise. No resolution of the council was necessary, nor was it requisite, before suit, that a demand should be made upon the city to pay or to collect such bonds. *Martin* v. *Wills,* 157 Ind. 153. Section 4297 Burns 1894 provides that the certificates and bonds therein named shall transfer to the contractor and his assigns all the right and interest of such city or town in and to every such assessment, and the lien thereby created against the property of such owners assessed as shall avail themselves of the provisions of the act to have their assessments paid in instalments. It further declares that such certificates or bonds shall authorize such contractor and his assigns to receive, sue for, and collect every such assessment embraced in any such certificate or bond by or through any of the methods provided by law for the collection of assessments for local improvements, including the provisions of the statute under consideration. The section contains the further provision that if the city or town shall fail, neglect, or refuse to pay said certificates or bonds, or promptly to collect any of such assessments when due, the owner of any of such certificates or bonds may proceed in his own name to collect such assessment, and foreclose the lien thereof in any court of competent jurisdiction, and that he shall recover, in addition to the amount of such bonds or certificates and the interest thereon, a reasonable attorney's fee, together with the costs of such suit. It would seem that this section applies more particularly to cases where the certificates or bonds are issued directly to

the contractor; but, if it can be construed, in connection with the other sections of the statute, to include a case where the bonds are issued by the city under §4296, *supra,* in anticipation of the collection of the assessments, then it expressly authorizes the owner of the bonds to sue in his own name in any court of competent jurisdiction, and the averment of the complaint that the city of Kokomo "failed and refused to pay said past-due bonds and interest coupons" brought the claim of the plaintiff within the very terms of this section.

The next point made by counsel for appellant is that by the amendment of March 3, 1893 (Acts 1893, p. 283, §1, §4295 Burns 1894), the form of the written stipulation waiving objections to the proceedings on account of irregularity or illegality was so changed that it was not required to contain a promise to pay the assessments, and therefore that so much of the agreement signed by the appellant Scott as amounted to a promise to pay the assessment was not authorized by law, and was void for want of consideration.

Section two of the act of March 6, 1891 (Acts 1891, p. 323, §4294 Burns 1894), contained this provision: "Should any one of such assessments exceed the sum of $50, then if the owner of the lot or parcel against which said assessment is made, may, if he, within two weeks after the making of such assessments, shall promise and agree, in writing,  *  *  *  in consideration of the right to pay his or their assessment, or respective assessments in instalments, that they will not make any objections to illegality or irregularity as to their respective assessments, and will pay the same, with interest thereon, at the rate of not exceeding six *per centum* per annum, as shall by ordinance or resolution of the common council of such city  *  *  *  be prescribed and required, he or they shall have the benefit of paying said assessments in ten annual instalments, as hereinafter provided." *(Sic.)*  This part of

section two was extended March 3, 1893 (Acts 1893, p. 283, §4295 Burns 1894), as follows: "Section 1. That the privilege now granted by law to persons assessed for the construction of street or alley improvements, or sewers, to pay the same in ten years in instalments, if such assessment exceed $50 upon any one lot, shall be extended to all persons, without regard to the sum assessed: Provided, they shall execute the stipulation waiving objections on account of illegality or irregularities in the proceedings of assessment, as is now required by law in cases of assessments exceeding $50." The sole and evident purpose of the later act was to extend the benefit of the former statute to lot owners whose assessment upon any one lot was $50 or less. There was no intention to change the conditions on which the privilege of paying the assessment in ten annual instalments depended. The reference to "the stipulation waiving objections on account of illegality or irregularities in the proceedings" was made only for the identification of that part of the section amended. The "stipulation waiving illegality or irregularities in the proceedings required by law" expressly provided, as one of its conditions, that the lot owner should promise to pay the assessment; and the privilege of paying in ten annual instalments was extended to all persons, without regard to the sum assessed, upon the same terms as that privilege was previously offered to lot owners whose assessment exceeded $50 on a lot.

In support of the motion for a new trial, counsel say that there was no proof that the city failed or refused to pay the amount of the assessments. None was required. The failure of the city to pay was not a condition precedent, but constituted a situation in which a suit would be necessary. Payment was a defense. The allegation was strictly formal, and it sufficiently appeared from the proceedings that the assessment had not been paid. *Lewis* v. *Albertson,* 23 Ind. App. 147.

Another point made by counsel is that the court erred in allowing interest on the assessment. They contend that as the common council did not fix a rate of interest, as it was authorized to do by §4294 Burns 1894, no interest was chargeable upon the assessments. But by the ordinance directing the issuing of the improvement bonds six per cent. per annum was named as the rate of interest they were to bear. This was a compliance with the statute requiring the common council to establish the rate on all unpaid instalments. When the instrument of waiver is filed, and ten years' time is given for the payment of the assessment, the bonds are the evidence of the claim against the lots, and of the rate of interest to be paid, if any has been fixed. §4294, *supra.*

The last point made is that an attorney's fee was improperly included in the judgment. Such fee was authorized by §§4294, 4297 Burns 1894. That part of these sections does not seem to have been repealed by any later acts. As soon as the waiver was signed and delivered the city had the right to issue the improvement bonds. The bonds when issued transferred to the owner all rights of the city under the same, and among these was the right to recover a reasonable attorney's fee in an action to enforce the lien of the assessments. §§4294, 4296, 4297, *supra; Indiana Bond Co.* v. *Jameson,* 24 Ind. App. 8, 11; *Pittsburgh, etc., R. Co.* v. *Fish,* 158 Ind. 525, 529.

The statute is to be read and treated as a whole, and its various sections are to be so construed, if possible, that all may stand. The object of the law was to enable cities and towns to make necessary improvements of their public streets and alleys; to charge the property abutting thereon with the cost of such improvements; to enable lot owners to pay in ten annual instalments, if they wished to do so and complied with the conditions of the statute; to secure the payment of the cost of the improvements, first, from the abutting property, and, second, from the owner who

signed the waiver and promised to pay the same; and in the event of a failure of the lot owner to pay his proportionate share of the cost of the improvement, and the prosecution of a suit to collect the claim and enforce the lien, to subject the delinquent lot owner to all the expenses of such delay and legal proceedings, including interest and a reasonable attorney's fee. *Porter* v. *City of Tipton,* 141 Ind. 347.

We find no error in the record, and we think the judgment of the court just and equitable in every respect. Judgment affirmed.