## Gubbins v. Harrington.

[No. 7,134.   Filed October 13, 1911.]

1. MUNICIPAL CORPORATIONS.—*Street Improvement Assessments.*— *Waiver.*—*Personal Liability.*—A waiver executed by a frontager cuts off his right to make a defense to a street improvement assessment for anything appearing or omitted in the assessment proceedings, and makes him personally responsible for the deficit of cost and interest existing after the sale of the assessed lot on foreclosure of the lien. p. 490.

2. MUNICIPAL CORPORATIONS.—*Street Improvement Assessments.*— *Foreclosure.*—*Complaint.*—*Conditions Precedent.*—*Abatement.*— A complaint to foreclose a street improvement lien that fails to

allege the giving of the requisite notice to defendant to pay the amount due, is bad both as to the enforcement of the lien and as to the securing of a personal judgment.   p. 490.

3.   MUNICIPAL CORPORATIONS.—*Street Improvement Assessments.— Statutes.—Contracts.*—Street improvement liens are statutory; and the remedy for enforcing them may be altered by the legislature at any time before contract rights intervene.   p. 490.

4.   MUNICIPAL CORPORATIONS.—*Street Improvement Assessments.— Liens.—Foreclosure.—Notice.—Abatement.*—Under §8721 Burns 1908, Acts 1907 p. 550, §3, providing that no person who has filed a waiver in a street improvement proceeding shall be sued unless "served with fifteen days' personal written notice of such delinquency," a suit filed without the giving of such notice may be abated.   p. 491.

5.   APPEAL.—*Mandate.—Death.*—Where a party dies after the submission of a case on appeal, the judgment rendered will be entered as of the date of submission.   p. 491.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Suit by John Gubbins against Catherine Harrington. From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*Edward R. Templer* and *Van L. Ogle,* for appellant.
*George T. Whitaker,* for appellee.

MYERS, J.—Appellant brought this suit against appellee to foreclose a street assessment lien and for personal judgment.   To the complaint a plea in abatement was filed, and a demurrer thereto was overruled.   Appellant refused to plead further, and a judgment abating the suit was rendered in favor of appellee and against appellant for costs.

The improvement was made, the assessment was perfected, a waiver was filed, and improvement bonds were issued and delivered to the contractor, pursuant to an act of the General Assembly approved March 6, 1905 (Acts 1905 p. 219). The first instalment of the assessment was due and payable on June 1, 1908, and this suit was commenced July 22, 1908.

It is admitted that fifteen days' personal written notice was not given to the delinquent before commencing this suit, as provided by an act of the General Assembly approved

March 12, 1907 (Acts 1907 p. 550, §§1-3, §§8715, 8720, 8721 Burns 1908). This act amends §§110, 115, 116 of the act of 1905, *supra*. The only question now presented is, Does §8721, *supra*, control the manner of procedure for the collection of the delinquent instalment by the bond owner, or shall he proceed under the act as originally passed?

Appellant contends that if the plea of appellee should be held good as against his right to foreclose his lien, it is not sufficient to abate his right to a personal judgment.

1. The waiver executed by appellee cut off his right to make a defense for anything appearing or omitted in the proceedings affecting the legality of the assessment (*Dunkirk Land Co.* v. *Zehner* [1905], 35 Ind. App. 694), and made him "responsible for any deficit of such cost and interest, after the sale of the lot on foreclosure of the lien." *Wayne County Sav. Bank* v. *Gas City Land Co.* (1901), 156 Ind. 662. From the case last cited, it will be seen that appellee's personal responsibility extends

2. only to make good any deficit after applying the proceeds arising from a foreclosure sale of the lot. Therefore, if appellant must first subject the lot assessed to the payment of his demand, before subjecting any of the other property of appellee to sale for that purpose, it must necessarily follow that unless appellee has complied with the conditions precedent to bringing his suit to foreclose his lien, the suit not only for such foreclosure must abate, but likewise any suit for personal judgment.

For the assessed cost of a street improvement, the contractor has a lien on the real estate abutting on the improved portion of the street. This lien is given by statute,

3. and is a remedy which the legislature may modify at any time before rights have become vested, or when such change does not impair a contract right, or substantially deprive a person of adequate means of enforcing his right. *Davis* v. *Rupe* (1888), 114 Ind. 588, and cases cited; *Shirk* v. *Thomas* (1889), 121 Ind. 147, 16 Am. St. 381;

*State, ex rel.,* v. *Helms* (1894), 136 Ind. 122.  As applicable to the case before us, there has been no legislative

4. change which seriously, or even substantially, affects the mode of enforcing the right given to appellant under the old statute.  Section 8721, *supra,* gives appellant a complete remedy for the collection of the assessment due to him, by a foreclosure of his lien.  It provides that "when any person shall default in the payment of any instalment of principal or interest it shall be the duty of the treasurer to mail a notice of such delinquency to such person, who shall have thirty days from the date when the same was payable to pay such instalment with a fee to such treasurer of twenty-five cents for sending such notice: Provided, that no such suit shall lie or be filed unless and until the person owning the property covered by such lien or assessment, and who has availed himself of the privilege of paying the instalments, is served with fifteen days' personal written notice of such delinquency."

Appellant has not complied with the provision of the statute requiring fifteen days' notice to the owner of the property assessed.  The demurrer to the plea in abatement was properly overruled.

As it appears that since the submission of this cause in this court appellant has died, it is therefore ordered

5. that the judgment in this case be affirmed as of the date of said submission.

Judgment affirmed.