## WALLACE, TREASURER *v.* NEWCASTLE REALTY COMPANY.

[No. 8,870.  Filed October 27, 1914.]

1. STATUTES.—*Construction.*—*Legislative Intent.*—The legislative intent in the enactment of a statute is to be ascertained and enforced whenever possible to do so without doing violence to the language of the act, and in ascertaining such intent consideration should be given to the whole act as well as to its separate parts.  p. 123.

2. STATUTES.—*Construction.*—*Legislative Intent.*—The legislative intent, when ascertained, will control the strict letter of the statute, or literal meaning of words and phrases, where to adhere to the strict letter or literal meaning would lead to injustice, absurdity or the contradiction of one provision of the act by another.  p. 123.

3. STATUTES.—*Construction.*—Where two constructions of a statute are possible, the one should be adopted which effectuates rather than the one which defeats its purpose.  p. 123.

4. STATUTES.—*Construction.*—In construing a statute the court may look to the history of the times on the subject of the legislation with a view to carrying out the legislative purpose.  p. 123.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Assessments.* —*Statutes.*—The provisions of the cities and towns act of 1905, and the amendments thereto relating to the assessment of property for public improvements, gives a lien upon each particular lot or tract for the amount of the assessment against same, and the remedy of the lienholder is purely *in rem*, unless the property owner exercises his right to sign a waiver and pay in installments, in which event he becomes personally liable if the property assessed is not of sufficient value to discharge the lien. p. 123.

6. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Assessments.* —*Right to Pay in Installments.*—*Statutes.*—In view of the attendant inconveniences in the payment of small improvement assessments in installments and the history of the legislation, it was the legislative intent by the act of 1909 (Acts 1909 p. 412, §8721 Burns 1914), relating to the payment of assessments in installments, to so limit such privilege as not to apply "to assessments less than ten dollars", and to exclude such assessments from the installment privilege even though the aggregate of the assessment against separate lots or tracts of an individual property owner exceeded ten dollars.  p. 124.

From Madison Circuit Court; *Charles K. Bagot*, Judge.

Action by the Newcastle Realty Company against James B. Wallace, as Treasurer of the City of Newcastle. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*William O. Barnard* and *William E. Jeffrey,* for appellant.

*Albert D. Ogborn* and *Bundy & Jones,* for appellee.

FELT, C. J.—Appellee brought this suit against appellant to enjoin him as treasurer of the city of Newcastle, Indiana, from selling certain real estate owned by appellee to satisfy a lien for a sewer assessment. Issues were duly joined on the complaint and the case was tried by the court, without a jury. The injunction was granted as prayed and judgment was rendered against appellant for costs.

Appellant moved for a new trial and the motion was overruled. The ruling on this motion is the only error assigned and relied on for reversal. The new trial was asked on the grounds that (1) the finding of the court is not sustained by sufficient evidence and (2) is contrary to law.

The undisputed facts show that appellee owned a large number of lots which it had previously platted as an addition to the city of Newcastle, and which were assessed to pay for said sewer; that with one exception the amount of the assessment on each lot owned by appellee was less than $10 and the aggregate amount of the assessments on all said lots was $906.71; that after said assessment had been made and the duplicate assessment roll placed in the hands of appellant, as such treasurer, appellee within the time allowed by the statute demanded the right to waive any irregularities in the proceedings and to take the benefit of the law allowing such assessments to be paid in ten equal installments; that such offer to execute said waiver was refused as to all said assessments except as to the lot on which the amount of the lien exceeded $10; that appellant proceeded to advertise said lots for sale for the purpose of collecting said assessments and thereupon this suit was begun.

Section 110 of the act of 1905 (Acts 1905 p. 219) as amended in 1907 (Acts 1907 p. 550, §8715 Burns 1914), provides that: "the assessment for said improvement may, at the option of each property holder, be payable in ten annual installments." Section 113 of the act of 1905 (Acts 1905 p. 219, §8718 Burns 1908), provides that: "Whoever desires to exercise such privilege of paying by installment shall at any time before the expiration of thirty days after the allowance of the final estimate aforesaid, enter into an agreement in writing, that in consideration of such privilege he will make no objection to any illegality or irregularity with regard to the assessment against his property and will pay the same as required by law with the specified interest." Section 4 of the act of 1909, amending §111 of the act of 1905 (Acts 1905 p. 219, Acts 1909 p. 412, §8716 Burns 1914), provides that: "In making assessments against each lot or parcel of land said board of public works shall * * * cause to be made out an assessment roll with names of property holders and description of property * * * which are liable to assessment under other sections of this act. Said assessment roll shall also have set opposite each name and description the total assessment, if any, against each piece of property, which assessment shall be determined according to the provisions of the other sections of this act. The charge or assessment against each lot, tract, or parcel of land, so made and indicated on said roll, shall be *prima facie* the special benefit to such lot, parcel, or tract of land." Section 116 of the act of 1905 (Acts 1905 p. 219) as amended in 1909 (Acts 1909 p. 412, §8721 Burns 1914), provides that: "The provisions of this act permitting the payments of assessments in ten annual installments shall not apply to assessments less than ten dollars."

Appellant contends that the provision of the statute last quoted, refers to the assessment on any single lot or separate tract of real estate against which an assessment is made, and that an owner can not avail himself of the privilege of

paying in installments except in cases where the single assessment against any lot or tract is ten dollars or more. Appellee contends that the provision of the statute granting the privilege of paying in installments is for the benefit of any property owner whose aggregate assessments for any particular improvement amount to ten dollars or more whether on one or several lots or tracts of real estate.

In construing a statute our courts have many times stated the rule that the legislative intention is to be ascertained and enforced whenever possible without doing violence to the language employed in the act under consideration. In ascertaining the legislative intent consideration should be given to the whole act as well as to its separate parts, and the intention so ascertained will control the strict letter of the statute, or literal meaning of words and phrases, where to adhere to such strict letter or literal meaning of the language employed would lead to injustice, absurdity or the contradiction of one provision of the act by another. *Greenbush Cemetery Assn.* v. *VanNatta* (1912), 49 Ind. App. 192, 198, 94 N. E. 899, and cases cited. Effect should be given to all the provisions of an act, if such construction is consistent with its general purpose, and the provisions are not so conflicting as to be irreconcilable. If two constructions are possible, that one should be adopted which makes effectual rather than one which defeats the purpose of the statute. *Greenbush Cemetery Assn.* v. *VanNatta, supra,* 199. In construing a statute, the court may examine the history of the times on the subject of the legislation, so as to carry into effect the purpose of the act. *Greenbush Cemetery Assn.* v. *VanNatta, supra,* 199.

The statute gives a lien upon each particular lot or separate tract of real estate for the amount of the assessment against such particular lot or tract. The remedy of the holder of such lien is *in rem,* and no personal obligation is created against the owner of the property

by the statute or by his failure to pay and discharge such lien. *Jones Co.* v. *Perry* (1901), 26 Ind. App. 554, 558, 57 N. E. 583; *Darnell* v. *Keller* (1897), 18 Ind. App. 103, 106, 45 N. E. 676. If the owner desires to take advantage of the provisions of the statute permitting him to pay his assessments in installments, he must in writing waive any and all obligations to any irregularity or illegality in the proceedings, and personally agree to pay the assesments with interest as provided by the statute. He thereby removes all doubt as to the validity of the assessments and the right of the owner thereof to enforce the lien against the property, and in addition thereto becomes personally liable for the payment of the amount of such assessments. In other words, all his property subject to execution becomes available for payment of the assessments, if the property assessed should not be sufficient in value to discharge the lien. *Wayne County Sav. Bank* v. *Gas City Land Co.* (1901), 156 Ind. 662, 664, 59 N. E. 1048; *Gubbins* v. *Harrington* (1911), 48 Ind. App. 488, 490, 96 N. E. 31; *School Town of Windfall City* v. *Somerville* (1914), 181 Ind. 463, 104 N. E. 859.

The original act granted the privilege of paying in installments, to ''each property holder'' who complied with the statute, but the later amendment of 1909 so limits

6.  such privilege as not to apply ''to assessments less than ten dollars.'' It is apparent from a consideration of the provisions of the statute before the amendment of 1909, as well as the hardship it was intended to relieve, that the original purpose of the legislature was to enable property owners to pay for improvements without embarrassment or loss by paying in installments where they could not pay for such improvements in a lump sum without inconvenience or loss. But we are called upon to construe and apply the act as amended. In so doing we are warranted in considering the history of the legislation and the hardships and difficulties that were intended to be remedied both by the original act authorizing payments for improve-

ments to be made in installments and by the later amendment.

It is a matter of common knowledge that many property owners whose assessments were very small on each separate lot or tract, signed the waiver and paid their assessments on the installment plan. Also that this plan necessitates the keeping of a separate account for each lot during the entire period and that the labor and expense of so doing seemed out of proportion to the benefits accruing to the property owners whose assessments were small. Also that the purchasers of improvement bonds issued and sold under the provisions of the law complained of additional expense and trouble in obtaining the amounts due on small assessments, and that as a result thereof they would not make as favorable terms to the vendors of such bonds as could have been obtained if the statute excluded from the installment privilege small assessments. With this situation before it the legislature of 1909 passed the amendatory act aforesaid. The amendment makes no reference to the owner of the property but plainly states that ''The provisions of this act permitting the payments of assessments in ten annual installments shall not apply to assessments less than ten dollars.'' By the use of the word ''assessments'' it was the evident intention of the legislature to exclude from the installment privilege all ''assessments less than ten dollars'' without regard to the number of lots or tracts of real estate owned by any particular individual.

The contention of appellee that the owner of several lots or tracts affected by the improvement may aggregate his assessments and thereby avail himself of the privilege of paying his assessments in installments, if the total amount of such assessments equals or exceeds ten dollars, can not be sustained in the face of the apparent intention of the legislature in amending the statute as evidenced by the language of the amendment and supported by the history of the difficulties and hardships it was intended to remedy. The

statute as amended preserves the privilege of paying in installments to all owners of property where the assessment against any single lot or tract is ten dollars or more and denies such privilege where the assessment against such lot or tract is less than ten dollars, without taking into consideration the number of lots or tracts owned by the individual whose property is so assessed.

From this conclusion it follows that the finding of the lower court is not sustained by sufficient evidence, is contrary to law and that appellant's motion for a new trial should have been sustained. Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Ibach, P. J., Lairy, Caldwell, Hottel and Shea, JJ., concur.

NOTE.—Reported in 106 N. E. 615. As to the purpose for which a municipal corporation may levy assessments, see 16 Am. St. 365. See, also, under (1) 36 Cyc. 1128; (2) 36 Cyc. 1108; (3) 36 Cyc. 1110; (4) 36 Cyc. 1137; (5) 28 Cyc. 1253; (6) 28 Cyc. 1203.