FEDER, RECEIVER *v.* GARY STATE BANK ET AL.

[No. 14,891. Filed July 1, 1933. Rehearing denied September 28, 1933. Transfer denied April 25, 1934.]

*Kessinger, Hill & Arterburn, Herbert Rosenbloom, McMahan, Stone & Hulbert,* and *McMahan & Smith,* for appellant.

*Sheehan & Lyddick* and *Clarence R. Martin,* for appellees.

SMITH, J.—Appellant filed his claim against the estate of Timothy W. Englehart, alleging that he was the owner of certain bonds which had been issued on account of a declaratory resolution passed by the common council of the city of Hobart, Lake county, providing for improvement of certain streets in said city, after which assessments were duly levied against certain lots owned by Timothy W. Englehart and one Deutsch.

The claim alleged a default in the payment of the assessments, and set up the proceedings of the common council of the city of Hobart, upon which the assessments were made; that said assessments were a lien upon certain lots described therein.

The claim further alleged that on the 8th day of November, 1927, Timothy W. Englehart, the deceased, executed a waiver, and signified his intention to pay said assessments in ten equal installments as provided in the statutes of Indiana. Copy of said waiver was attached to the claim. The important part of the waiver, upon which this action is based, and pertinent thereto, is as follows:

"I, the undersigned, the owner of the following described real estate situate in the City of Hobart, county of Lake, in the state of Indiana, to wit: Oak Ridge Gary Addition: (Here follows description of real estate) in consideration of having the right to pay my respective assessments against said real estate in installments, for the improvement of Colburne, Sandusky, Ridgeway, Maitland and Montgomery Streets and all other assessments if any against said real estate, hereby agree not to make objection to any illegality, or irregularity in my respective assessments, and will pay said assessments, when due together with my interest thereon as provided by the ordinances and resolution of the City of Hobart and all lawful charges and expenses, as by the statute provided, hereby waiving valuation and appraisement laws."

Appellant further alleges in his claim that there was a default in payment of the assessments, and that his claim is secured by a lien upon the several lots and tracts of land described in the claim; that there is now due and owing the appellant from the estate the sum of $6000 with interest.

This claim was disallowed and transferred to the issue docket. To the claim, the appellees filed a plea in abatement setting forth that there was a waiver executed by Timothy W. Englehart prior to his death pertaining to said improvements, upon which bonds had been issued; that neither the appellant nor the city of Hobart has taken any steps to recover on said bonds against the real estate, and that the real estate is worth more than the amount of the bonds; that the amount of the claim sued upon should be recovered from the real estate so improved by the alleged improvements that "there is no liability upon the estate of Timothy W. Englehart, or the administrators thereof, for any part of said claim sued upon until and after plaintiff and claimant has exhausted its rights, claim, and demand against the real estate so benefited and improved, and

upon which and for which improvement the alleged bonds sued upon were issued." Then follow the allegations that the real estate has not been exhausted, nor has there been any foreclosure of the liens against the real estate, nor has the real estate been orderd sold by any court for the payment of said bonds; that Timothy W. Englehart at the time of his death did not own any of the said real estate. Then follows the prayer that the action should abate.

Appellant filed a demurrer to the plea in abatement alleging that the plea in abatement did not state facts sufficient to abate the action. The memoranda to the demurrer set up three propositions: (1) That the statute giving the landowner the right to pay his assessments in installments upon signing the waiver and agreeing to pay the assessments does not require the holder of the bonds to bring an action first to foreclose a lien upon the real estate assessed, and cause the property to be sold before prosecuting an action on the agreement that the landowner pay the amount of the assessment; (2) that the waiver and agreement signed by Timothy W. Englehart is an independent and direct obligation on his part to pay the assessments, and that it is not necessary to foreclose the lien upon the real estate before bringing an action on the agreement; (3) that it is optional to the holder of the lien to bring his action upon the waiver and promise to pay, or to bring an action to foreclose the lien upon the real estate, and, in case he exercises the option to foreclose the lien upon the real estate, he cannot thereafter prosecute an action on the waiver and agreement to pay.

Appellant excepted to the overruling thereof, and refused to plead further, and elected to abide the ruling upon the demurrer. Thereupon, the court entered judgment that the proceedings abate, and that appellees have and recover their costs. From this judgment, appellant appeals.

Appellant's assignment of errors presents five errors, all of them raising the same question; namely, the court erred in overruling appellant's demurrer to appellees' plea in abatement, which is the only question in this case for consideration. In the assignment of errors, appellant brings in as appellees Gary State Bank, John W. Kass and John W. Lyddick, who are the duly qualified and acting executors of the estate of Timothy W. Englehart, deceased, and Harry R. Englehart and John W. Lyddick as trustees under the will.

Appellant contends that the waiver executed by the deceased Timothy W. Englehart, is an agreement to pay, and is given in consideration for the right to pay by installments, and is a valid agreement incurring a personal liability.

Appellees contend, quoting from their brief, "The agreement of property owners, including the deceased, to pay and waive irregularities in consideration of the right to pay by installments is a valid agreement incurring *only a contingent personal liability.*" Appellees further contend "there is no statutory or case law authorizing a suit on the waivers or bonds as a personal action, other than through a foreclosure of the assessments." So the question is squarely raised before this court, Does the waiver and agreement executed by the deceased Englehart in his lifetime in which it was provided that, in consideration of having the right to pay his assessments in installments, he "would pay said assessments when due, together with my interest thereon" create a personal liability upon such agreement; and, can an action be brought thereon without first having to foreclose the lien created by the assessment upon the real estate?

We think it is unnecessary to extend this opinion in order to recite the history of the Barrett Law under

which these improvements were made, and assessments levied. The statutes under which the issuing of the bonds of appellant were authorized provide for the levying of assessments, and creating a lien upon the property assessed. This was a remedy given by the statute for the collection of these assessments. As far back as 1889, the law provides that a real estate owner whose lands have been assessed for public improvements of the streets may execute and file with the clerk of the city or town his written statement that he will not make any objection to the illegality or the irregularity of the assessments, and will pay the same with interest, and shall have the right to pay the same in annual installments. The substance of this statement has been in all of the amendments to the so-called Barrett Law providing for public improvements in towns and cities from that time until now.

The statute also provides that the lien may be foreclosed, and the property sold, and applied to the payment of the assessment. In 1905, the Legislature of Indiana (Acts 1905, sec. 115, p. 301), by amendment, provided: "The property upon which the assessment is laid shall in no event be sold for less than the amount of assessments, attorney fees, and costs, and the avails of the sale shall be distributed as herein provided." This provision in the statute has been carried through all of the amendments to this act, and is still retained in the statutes (Section 10454, Burns R. S. 1926, §48-2726, Burns 1933, §11669, Baldwin's 1934). Almost all of the cases in the Indiana courts of appeal concerning this subject have been actions for the foreclosure of the lien, and for personal judgment against the signer of the waiver and agreement, and are referred to frequently as "deficiency judgments."

Appellant and appellee cite the same authorities in their briefs in support of their contentions. Three of

the cases cited, namely: *Gubbins* v. *Harrington* (1911), 48 Ind. App. 488, 96 N. E. 31; *Wallace, Treasurer* v. *Newcastle Realty Company* (1914), 57 Ind. App. 120, 106 N. E. 615; *School Town of Windfall City et al.* v. *Somerville et al.* (1914), 181 Ind. 463, 104 N. E. 859, were all decided after the Act of 1905 (Sec. 10454, Burns R. S. 1926) was passed which contained the provision above quoted that the property upon which the assessment is laid shall *in no event be sold for less than the amount of the assessments.* In each of these three cases, which were for foreclosure of a lien, it was held that the right to a deficiency judgment existed by reason of the personal obligation assumed by the signer of the waiver. The other cases cited by both parties arose under the statutes prior to the enactment in 1905 of the statute above quoted.

We will not extend this opinion to analyze these decisions nor to quote at length from them. It is sufficient that in all of them the courts have recognized the personal obligation of the landowner upon his waiver and agreement to pay, and have rendered personal judgments thereon. It is true that in all of these cases, with the possible exception of the case of *School Town* v. *Somerville, supra,* the action was brought to foreclose the lien and for a personal judgment, for a deficiency, if one should exist and judgment rendered therefor. The courts have recognized thereby the personal obligation of the signer of the waiver.

The waiver and agreement executed in the instant case and all similar waivers so executed under the statute inure to the benefit of the bondholder, and, under the holdings of the Supreme Court and former holdings of this court, the bondholder may, under an appropriate action, obtain judgment for the foreclosure of the lien, and in the same action obtain a personal judgment upon the waiver and

agreement. All of the cases cited by appellant and appellees in their briefs hold this doctrine with the exception of the case of *School Town* v. *Somerville, supra,* which held that a foreclosure could not be obtained against a school corporation.

If the holder of the bond, in an action to foreclose the lien, can also obtain a personal judgment against the signer of the waiver and agreement, then there is. no good reason why such bondholder cannot obtain a personal judgment in a suit brought upon the waiver and agreement. It would unduly extend this opinion to analyze the cases cited by appellant and appellee but the doctrine announced in the case of *Edward C. Jones Company* v. *Perry et al.* (1901), 26 Ind. App. 553, 558, 57 N. E. 583, expresses the general idea of all such cases. The Jones Company case was a suit brought by the holder of a bond, issued under the Barrett Law, for a foreclosure of the lien, and also a personal judgment. This case was decided before the act of 1905, *supra.* The court held:

> "As to the agreement executed under this statute we find no room for construction other than the plain and common meaning to be given to the words employed. The consideration for the agreement is expressly stated in the language of the statute to be in consideration of the right to pay his or their assessments in installments. For such consideration the assessed property owner agrees (1) that he will not make any objection to the illegality or irregularity of his assessment; (2) that he will pay such assessment in installments with interest thereon at a rate not exceeding six per centum per annum.
>
> "This court held in the case of *Richcreek* v. *Moorman,* 14 Ind. App. 370, 42 N. E. 943, that the assessed property owner could not, after signing the agreement contemplated by §4294, *supra,* be heard to question the irregularity or illegality of his assessment. If that part. of the statute which permits the property owner to waive an illegal or

irregular act is to be enforced, is it right that his plain, unequivocal agreement to pay, founded upon a valid consideration therein expressed, should be held of no effect? We think not. Every element of a debt is present. The obligation arises out of an express contract. It entitles the creditor to receive from the promisor unconditionally a certain sum of money, the amount of which is fixed, and which the promisor is under a legal duty to pay without regard to any future contingency. *State, ex rel.* v. Hawes, 112 Ind. 323, 14 N. E. 87; *Mayor, etc.,* v. *Gill,* 31 Md. 375.

"The statute under consideration does not, nor does it attempt to, create a personal liability upon the part of the property owner whose property may be assessed under its provisions. It simply provides a way by which the assessment may be paid in installments. It provides a way by which the property owner, at his own option, can agree to pay. He becomes personally liable, not by force of the statute, but by his own agreement made after the debt is created, and for a valuable consideration—the extension of the time of payment."

It will be observed that the court held that by the execution of the waiver, the property owner agrees: First, that he will make no objection to illegality or irregularity; second, that he will "pay such assessments in installments with interest at a rate not exceeding 6% per annum." The waiver in the instant case is similar in all respects, and, when Timothy W. Englehart in his lifetime executed said waiver and agreement, he agreed to pay such assessment in consideration that he be given the opportunity to pay the same in ten equal installments. This agreement constitutes a valid contract; and, as was said in the Jones Company case, the signer thereof becomes personally liable not by the force of the statute, but by the force of his own agreement, and for a valuable consideration. This being true, the holder of the bond for the benefit of which the waiver and agreement is executed, can bring suit upon such waiver and agreement, and recover a personal judg-

ment thereon in an action without having to foreclose his lien first.

If we construe the waiver and agreement in the instant case in conformity to the idea of appellees, then under the statute, section 10450, Burns 1926, providing that the real estate shall "in no event be sold for less than the amount of the assessment, attorney fees, and costs," etc., would practically annul the waiver and agreement. Under a foreclosure of the lien, if the bondholder pursues that remedy only and proceeds to sell the property under a decree of foreclosure, any personal judgment he might obtain would be of no value, for the statute provides that the property shall not be sold for less than the amount of assessment, attorney fees, and costs. A bondholder can bring his action for foreclosure of the lien and have a personal judgment in the same proceeding if he so desires.

Under the authorities cited this can be done, and if the bondholder can obtain a personal judgment in a suit to foreclose the lien, he can obtain a personal judgment in a suit upon the waiver and agreement without a foreclosure thereof. In addition to the cases cited above, the following cases cited by appellant and appellees in their briefs lend support to this doctrine: *Wayne Co. Savings Bank* v. *The Gas City Land Co. et al.* (1901)., 156 Ind. 662, 59 N. E. 1048; *Scott et al.* v. *Hayes et al.* (1904), 162 Ind. 548, 70 N. E. 879; *Hayes et al.* v. *Shirk, Exrx.* (1906), 167 Ind. 569, 78 N. E. 653; *Dunkirk Land Co. et al.* v. *Zehner et al.* (1905), 35 Ind. App. 694, 74 N. E. 1099; *City of Indianapolis et al.* v. *City Bond Co.* (1908), 42 Ind. App. 470, 84 N. E. 20; *Hennessey et al.* v. *Breed, Elliott & Harrison, Inc.* (1931), 92 Ind. App. 165, 176 N. E. 251. It follows, therefore, that appellant's demurrer to appellees' plea in abatement should have been sustained.

Judgment reversed with directions to the lower court

to sustain appellant's demurrer to appellees' plea in abatement, and for such other proceedings as may be necessary, not inconsistent with this opinion.

Curtis, J., not participating.