ENGLEHART'S ESTATE ET AL. *v.* LARIMER ET AL.

[No. 26,809. Filed December 23, 1936. Rehearing denied February 22, 1937.]

*Sheehan & Lyddick,* for appellants.

*McMahon, Strom & Hulbert,* for appellees.

*John B. Newlin,* amicus curiae.

TREMAIN, C. J.—The common council of the city of Hobart, by proper proceedings, ordered the improvement of certain streets in that city pursuant to the Barrett Law, and issued bonds to pay for the improvement against the abutting property of owners who signed waivers as provided in said law (Sections 48-2711, 48-2712, 48-2713, 48-2716, and 48-2718, Burns' Ann. St. 1933, §§11662, 11663, 11666, 12528, 12529, Baldwin's Ind. St. 1934). Among those who signed waivers was

the decedent, Timothy W. Englehart, whose estate is one of the appellants herein.

The total amount of the bond issue, based upon all waivers signed, was $112,974.70. The bonds issued were for the aggregate amount of such assessments and not against the individual assessment of each property owner who signed a waiver. Prior to the enactment of section 48-2713 Burns' Ann. St. 1933 (§12529 Baldwin's 1934), being Section 1, Ch. 34, Acts 1925, p. 115, and pursuant to section 48-2721 Burns' Ann. St. 1933 (§11669 Baldwin's 1934), which was Section 2, Ch. 257, Acts 1907, the contractor was given the right to demand and have issued to him, at his option, bonds against each person's property who had elected to pay in installments. But since the passage of the 1925 Act, which supersedes the 1907 Act, the contractor cannot so elect. The later act provides:

> "All bonds hereafter issued in anticipation of assessments made on account of public improvements, in cases where the property owners affected shall have elected to pay the cost of such improvements in installments as now provided by law, shall be issued in anticipation of the aggregate amount of such assessments for each particular improvement and not against the individual assessment of each property owner so electing to pay in installments. Such bonds shall be issued in denominations not exceeding five hundred dollars ($500) each and shall be issued in ten (10) equal series, one (1) series payable each year beginning as herein provided."

Of the total amount of said bonds issued, the assessment roll shows that $11,250.09 was levied against abutting real estate owned by Timothy W. Englehart, who filed a waiver and who has since deceased. It appears that the total bond issue was sold to different persons. The appellee, Milton B. Larimer, was the owner of such bonds in the principal sum of $2,000; appellee, Central Building and Loan Association, was

the owner in the sum of $52,547.29; and the appellee, James Hansen, receiver of the Central Trust and Savings Bank, was the owner of such bonds in the sum of $22,500. Payments had been made upon said bonds prior to the death of said Englehart. At the time of his death there was still due and owing upon the assessment against his lots the sum of $9,770.14. An executor was qualified upon his estate and each of the appellees filed separate claims against the estate demanding judgment in the respective amounts of the bonds held by each. The claims were disallowed and were transferred to the trial docket. Issues were closed and the causes submitted to the court for trial resulting in judgments in favor of the appellees. Separate appeals were taken to the Appellate Court and all the judgments were reversed. *Feder, Rec.* v. *Gary State Bank* (1934), 98 Ind. App. 513, 186 N. E. 379.

Section 48-2717 Burns' Ann. St. 1933, §11667 Baldwin's Ind. St. 1934, gives the property owner the privilege to "enter into an agreement in writing that in consideration of such privilege (waiver), he will make no objection to any illegality or irregularity with regard to the assessment against his property and will pay the same as required by law with specified interest." The agreement executed by the decedent, among other things, contains the foregoing provision quoted from the statute. There are other provisions in the Barrett Law statute specifically providing for liens against the property and for foreclosure of such liens. Section 48-2711 Burns' Ann. St. 1933, §11662 Baldwin's Ind. St. 1934, after making provisions for the foreclosure of the lien created by statute provides:

> "Where a property owner, or property owners, has or have exercised the option to pay in installments, and has or have signed a waiver or exercised the option to pay in installments, such property owner or owners shall be concluded thereby,

and shall not be permitted to set up any defense whatever."

In addition to this section, sections 48-2721 and 48-4406 Burns' Ann. St. 1933, §§11669 and 12536 Baldwin's 1934, make provisions for the foreclosure of the assessment liens securing the bonds issued. The statute provides that upon a foreclosure of the lien and a sale, the property shall not sell for less than the full amount of the lien. However, it has been held that in a suit to foreclose the lien, the right to a deficiency judgment exists by reason of the personal obligation assumed by the signor of the waiver. This rule was announced in *Feder, Rec.* v. *Gary State Bank, supra,* wherein it was held that the waiver and agreement by the property owner inured to the benefit of all the bondholders, and that a personal judgment may be taken against the property owners upon the agreement stated in the waiver, regardless of the rights given to a bondholder to foreclose the lien against the property. This rule is recognized by other decisions in this state, cited in the Feder case, *supra.*

After the reversal of appellees' causes by the Appellate Court, the claims were again called for trial. The court, over the appellants' objection, ordered a consolidation of the claims and tried them as one action. Upon request the court made special findings of fact and stated its conclusions of law thereon. The court found that there was due to the appellees from the defendants, executors of the estate of Timothy W. Englehart, deceased, the sum of $9,770.14, together with interest thereon; that said sum should be paid to the clerk of the court for the use and benefit of each and all of the persons holding and owning any of said bonds; that the clerk of the court, after payment of the expenses of the litigation, should pay the balance to the treasurer of

the city of Hobart for the use and benefit of all holders of said bonds, and rendered judgment accordingly.

Appellants filed a motion for a new trial predicating error upon the order of the court consolidating said causes, and that the decision of the court was not sustained by sufficient evidence and was contrary to law.

There can be no legal objection to the consolidation of the causes of action, each being of the same nature and character. The trial court in its discretion possessed the inherent power to consolidate said causes in order to expedite the matter, and to avoid multiplicity of suits. *Atkinson* v. *Disher* (1912), 177 Ind. 665, 98 N. E. 807. This is especially true where the same evidence and facts are involved in each of the actions. There was no error in the order of consolidation.

The principal contention of appellants is that it is not shown that appellees own all of the bonds outstanding, but only a portion thereof; that unless they owned all they are given no authority under the statute to maintain an action for the benefit of themselves and all other bondholders.

Long before the enactment of the Barrett Law, section 2-220 Burns' Ann. St. 1933, §35 Baldwin's Ind. St. 1934, was upon the statute books. That section, after providing for joining those who are united in interest, provides:

> "When the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

This statute announces an equitable rule, and is applicable to actions in law as well as in equity. *Tate* v. *The Ohio and Mississippi Railroad Co.* (1858), 10 Ind. 174; *Colt* v. *Hicks* (1933), 97 Ind. App. 177, 179 N. E. 335.

Many times it has been held by this court that one or more creditors may maintain an action for the benefit of all the parties where the creditors are numerous and it is not practicable to bring them all before the court. *Gaiser* v. *Buck* (1931), 203 Ind. 9, 179 N. E. 1; *Hall* v. *Essner* (1935), 208 Ind. 99, 193 N. E. 86; *Zuelly* v. *Casper* (1903), 160 Ind. 455, 460, 67 N. E. 103; *State ex rel.* v. *Sonntag* (1935), 101 Ind. App. 557, 195 N. E. 601; *Blair* v. *The Shelby Co., etc., Assn.* (1867), 28 Ind. 175.

The first two cases last cited recognize the rule that where the legislature prescribes a right and fails to prescribe a specific remedy for the enforcement, the creditor can invoke the aid of a court of equity. In the case at bar the legislature provided a means by which a property owner whose land was assessed for street improvements might file a waiver granting to him a right to pay the assessments in ten equal installments, but in executing such waiver, it was provided that the party must waive all illegalities and irregularities in the proceedings and agree to pay the assessment. Appellants contend that the Barrett Law does not specifically provide for an action upon the waiver executed by the property owner containing his promise to pay. No statute is necessary because the waiver is a contract, beneficial to the property owner and the bondholder alike.

The liability of Englehart, deceased, on the waiver executed by him inured to the benefit of all bondholders. They had a common interest in the funds to be realized from the action on such waiver. One or all of such bondholders might have maintained an action upon default in payment, and recovered the amount of the assessment due. The court trying the cause evidently recognized and adopted this equitable doctrine for the protection of the bondholders interested in the funds, and also for the protection of the Englehart estate.

If, as contended by appellants, the suit or suits must be maintained by each and all of the bondholders, the result would be a multiplicity of suits. It could not be the purpose of the legislature in providing for the execution of a waiver by property owners and the issuance of bonds in the aggregate of the amounts embraced in all waivers filed, in case of default to require each bondholder to file a separate suit.

In this case more than $100,000 of bonds were issued. Under the statute, the bonds were in denomination of $500 each, and no bond was issued against a specific parcel of real estate. The owner of each parcel of real estate was personally liable to the extent of the assessment against his property included in the waiver. The trial court very properly found the amount due from decedent's estate, rendered judgment for the amount, and ordered that the same be paid to the clerk of the court in regular course of administration, and repaid by the clerk to the treasurer of the city, to become part of the fund required by statute to be held by the treasurer especially for the payment of outstanding bonds and interest. In no wise were the appellants injured, and no law was violated by the maintenance of appellees' action against the appellants, in which judgment was rendered for the benefit of all holders of outstanding the bonds. The satisfaction of the judgment releases appellants' real estate from the improvement lien. The evidence properly in the record fully supports the finding and decision of the court, and the same is not contrary to law.

Judgment affirmed.