CITY OF JACKSON *v.* KENNY *et al.*

[84 South. 689, In Banc. No. 21155.]

1. MUNICIPAL CORPORATIONS. *Assessment against lot necessary before lien exists.*

Under section 3413, Code of 1906, no lien attaches against the abutting property for cost of sidewalks laid by the city, unless its minutes show the construction was ordered, the exact amount of the cost, and that the amount due was assessed against the abutting lot.

2. MUNICIPAL CORPORATIONS. *City, receiving owner's note with improvement lien, cannot recover against subsequent bona fide purchaser.*

Even though note with lien is given to the city by the abutting owner for the cost of the sidewalk at the time of construction, yet no recovery can be had against the lot by the city when owned by a subsequent purchaser for value without notice.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Suit by the city of Jackson against F. W. Kenny and others to enforce an improvement lien. Judgment for defendants, and plaintiff appeals. Affirmed.

*W. E. Morse,* for appellant.

Section 3413 is essentially different from 3411, 3412, in that section 3413 does not require a special assessment before the city can enforce this lien.

When the property owners sign a petition requesting the laying of its sidewalk, it obviates the necessity of giving notices to these owners. The only purpose of notice is to give the person an opportunity to do the work. When they petition the city to do this work they would be estopped from asserting any irregularity in the proceedings. The resolution declared the work

necessary and provided the specification, material, grade, etc., was passed by the board and put on the minutes of the city of Jackson.

When J. E. Bourne signed the notes in favor of the city he expressly recognized the lien of the city of Jackson in said notes. The notes were on file with the city clerk and show a charge or lien against lot two of block two of Scotland Heights and the account was carried in the name of J. E. Bourne who was the owner of the property at that time. This was notice to the world of the lien because the city records are public records, and a person is charged with notice of all matters of public record.

It is a general rule that whatever puts a party on inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty and would lead to knowledge of the facts by the exercise of ordinary intelligence and understanding (See 29 Cyc., 1114) note 6 and the case of *Parker* v. *Vay,* 43 Miss. 260, 55 Am. Rep. 484: See, also, 23 P. C. L., page 262, subject "Records, sec. 129, and cases.

It was the duty of the purchaser to examine the city records to see whether or not there was a lien and if they did examine the same they found enough to put them on notice, so that they are in no sense innocent purchasers for value without notice.

If the legislature saw fit to allow this lien upon its proceedings, then the court could not object if this statute is complied with. A mechanical or materialman's lien is in the same nature as this lien and by merely doing the work or furnishing the material, the lien is superior to practically all liens except taxes. Section 3413 is more liberal to the land owners than is section 5058 and the other liens provided in the chapters on liens.

The statute only says that after serving citation if the owner fails to do the work required or to appear at

the time mentioned and show why such work shall not be done, the board of aldermen, by orders spread on the minutes, may direct the street commissioners to construct or prepare sidewalk or make the proposed improvement, keeping exact account of the cost of such repairing or construction and the amount therefor shall be a lien on the property adjoining said sidewalk paramount to all other liens, state and county taxes excepted.

If J. E. Bourne is estopped from setting up any invalidity to the proceeding, then those who purchase from him are estopped as a natural consequence. Those who purchase from J. E. Bourne would be in the same position as he was for the reason that the title of the property was in the name of J. E. Bourne and any person who purchased from him would be charged with the notice of the lien held by the city of Jackson, and as the record of the city of Jackson is a public record that you could avail yourself of, the right to inspect these documents and thereby protect yourself. This petition was held by the city clerk of the city of Jackson and the notes were in his possession. The account was against J. E. Bourne and lot two of block two of Scotland Heights. The statute does not require the filing of any of these instruments for the city to have a lien upon the property.

28 Cyc., page 359 states: "Filing in the case where an ordinance was required to be filed before taking effect, it was ruled that depositing it with the proper officer was sufficient and he was not forced to mark it filed." If these documents were in the possession and custody of the clerk of the city of Jackson, and if this ordinance declaring the work necessary, and provides the grade, and the material, etc., was in the ordinance book of the city of Jackson which are public documents, they are notices to the world what they contain.

On the back of one of the notes was written: "Extended sixty days will be paid by Dave Ruffin." Order of Mayor, S. J. Taylor, 2/10/13. Dave Ruffin was the husband of Mrs. D. W. Ruffin and while the agreed statement of facts recognized that he did not have title of the property and that it could not be shown that he was her agent, yet at the same time it shows that they knew of this lien existing; as it is the straws which show the direction in which the wind is blowing.

The points involved in this case are briefly stated as follows: First, the city of Jackson had a valid existing lien against lot two of block two of Scotland Heights subdivision while the title of the property remained in the name of J. E. Bourne, for the reason that he was the owner of the property and signed a petition requesting the laying of this sidewalk. 'That under section 3413 the city of Jackson declares the work necessary, fixes the grade, describes the material, etc., and actually laid the walk. Bourne signed notes to the city thereby ratifying the cost and admitting that there was a lien upon the property. The city did all it was required to do under section 3413.

Second, the subsequent owners were charged with notice of this lien for the reason, that the minutes of the city of Jackson showed this work to have been done and the petition and notes on file, together with the amount carried against lot two of block two of Scotland Heights and J. E. Bourne, the legal holder of the title, was sufficient to give the purchaser notice of this lien.

Third, if the city once acquired this lien, it could not lose the same unless through its own action it misled innocent purchasers, and in this case there can be no claim that the city misled anyone, for the reason they did everything required by law that could be done. There was a time when attorneys passing upon a title to real property in the city of Jackson did not consult the records of the city of Jackson for the liens there; how-

ever, they are as much liens as if they were enrolled either in the office of the chancery or circuit clerk.

Fourth, Judge Potter stated that he thought there should be a special assessment and that in the absence of a special assessment the lien would not attach as to a third party.; stating that while section 3413 did not provide for a special assessment, that section 3414 did. Section 3414 refers to section 3411, and section 3412; a reference to the Code of 1892 will show this to be a fact. Section 3413 relating only to sidewalks appears for the first time, in the Code of 1906. Section 3413 was amended by the Laws of 1910, page 204, and by chapter 250 of the Laws of 1912, which provided for the first time that an assessment must be made to establish a lien. When therefore the city of Jackson did everything required of it under section 3413 and when the subsequent property owners purchased this land with constructive notice of the lien held by the city of Jackson, they are bound thereby as effectually as though they had written notice served upon them.

As the facts are already before the court and agreed upon by both parties that they are the facts, we think the court should reverse the finding of the lower court and enter a judgment here for the city of Jackson.

*Watkins & Watkins* and *P. H. Eager*, for appellee.

The only question of any consequence involved in this case is whether or not a municipality can enforce a lien for sidewalk improvement against abutting property within its corporate limits in the absence of assessment, assessing each property owner and property with the charge for same and declaring the same a lien thereon. We respectfully submit that sections 3413 and 3412 must needs be construed together and that it is altogether impossible for a lien to be attached to property without any assessment levying or declaring the same

and making the work a charge against the said property.

In the instant case a petition was circulated and presented to the city authorities, and on this petition appeared the name of J. E. Bourne, the owner of the property involved in this case. The city passed a resolution authorizing the street commissioner to proceed with the work, after recitation of usual notice, etc. Right at this point the record ceases and we find no further action of record by the city, and on nothing but this mere resolution the city attempts to enforce a lien against this property for a sidewalk. Appellant insists that no other assessment or resolution was necessary and depends on section 3413 alone for relief. For the sake of argument admitting that no assessment is necessary, section 3413 has not been complied with, because said section states:

"After the service of such citation if the owner fails to do the work required, or to appear at the time mentioned and show good cause why such work shall not be done, the board of aldermen, may, by order, spread on its minutes, direct the street commissioner to construct or repair such sidewalks or make the proposed improvement, keeping an exact account of the costs of such repairs or construction; and the cost thereof shall be a lien, etc."

So we respectfully submit that at most section 3413 has only partly been complied with, and the most important part omitted, to wit: An order of the board spread on its minutes directing the street commissioner to do the work and the report of the street commissioner stating the exact account of the cost of the improvement. So far as the record shows, the work may have been done by the owners themselves after notice thereof, because we find no order by the city directing the street commissioner to do the work. And until this order is entered and the report of the street commissioner made showing the exact cost thereof, no lien can attach even

in the literal language of the section 3413, which we submit is to be taken with sections 3411 and 3412; that is to say when the report of the street commissioner is made showing the actual and exact cost of the improvement, the board may then inquire into the same and if satisfied with the correctness thereof, proceed to make the necessary assessment against each separate piece of property and the owner thereof, when and when only the lien attaches. The fact that the lien can be predicated only on an assessment, is clearly shown by the succeeding section (3414) which reads:

"3414.    (3013) The same; on lands not subdivided, whenever any special improvement shall be made, and the piece or pieces of land abutting on such improvement shall not be divided into lots or blocks, the special assessment shall be made on the piece or pieces of ground adjoining such improvement through which the same may be located, to the distance of three hundred feet from the street," etc.    It therefore being clearly shown that no lien can ever attach until a special assessment has been made on which to predicate the same.

Counsel for appellee respectfully calls attention of your honors to the fact that the original signor of the notes alleged to have been given for this street or sidewalk paving is not a party to this suit.    He of course would have defense to his own notes, but we submit that under the procedure had in this matter the same is merely a personal obligation of the signor of said notes and no statement upon the notes could attach a lien to this property binding on subsequent innocent purchasers for value received without notice.    The statement of counsel on page    of his brief, second paragraph, is not well taken, because the argument there used is in direct opposition to the agreed statement of facts which he himself prepared.

If it were true that a lien could attach to one's property following such a procedure as carried out in this

case, it would be a matter of impossibility for a purchaser or his attorney to ascertain whether or not there was a special improvement lien or charge against the property. The lien is bound to rest on a special levy or assessment and when an examiner finds no special levy or assessment he knows there is no charge against the property.

In order for this cost of the special improvement to become a lien against the property, some action is necessary by the board and when the fact is adjudicated by an assessment on the minutes it then becomes a lien and attaches to the property.

We cannot see where the authorities cited by appellant throw any light on the matter. We respectfully submit that the law is properly set forth in the judgment written personally by Hon. W. H. Potter, after taking the same under advisement and rendering decision in vacation as shown on page 17 of the record, and that this judgment should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a suit by the city of Jackson to enforce a lien against lot, 2 block 2, Scotland Heights survey, in Jackson, for an amount claimed to be due the city for the laying of an adjoining sidewalk. The city proceeded under the provisions of section 3413, Code of 1906, and in 1909 declared the laying of this sidewalk, and directed the street commissioner to give the proper notice to all the property owners concerned. The city, however, failed to spread upon its minutes an order directing the street commissioner to do the work, and failed to recite in its minutes the report of the street commissioner showing the exact account of the cost of the sidewalk construction. It appears now, after ten years, that the sidewalk was constructed by some one, possibly the city; but the minutes and records of the board of

councilmen fail to disclose any apportionment of the cost of the sidewalk as between adjoining owners, and do not show any statement of the sum due by each of the abutting owners, and show no assessment of the amount due against the lot here in question.

In the meantime the lot involved has changed ownership several times, and at the present time the title is in the appellee, an innocent purchaser without notice of any lien or incumbrance upon the property in favor of the city. It further appears from the record that, when the sidewalk was laid, J. E. Bourne, the then owner, executed two notes in favor of the city for the payment of the amount expended by the city in the construction of the sidewalk. Said notes provided a lien against said lot for the payment of the amount due; but these notes were not recorded on the public records of the county, nor was the present owner of the lot notified, either constructively or actually, of the existence of the notes or the lien.

The city cannot recover against the appellee, because it failed to comply with the provisions and requirements of section 3413, when read in connection with sections 3411 and 3412, Code of 1906, under which it proceeded to make the improvement at the expense of the abutting property owners. There appears to have been no order spread upon the minutes of the board of councilmen directing the construction of the sidewalk, nor was there any order on the minutes showing the exact account of the cost of laying the sidewalk, and, finally, nowhere do we find any assessment of the amount due made against the lot.

In order for the abutting property to be liable for the construction of the sidewalk adjoining it, there must be a substantial compliance with the law with reference to an apportionment of the cost of the sidewalk as between the abutting owners, and the exact amount due against each separate lot must be ascertained and an assessment

made of the amount against the lot. All of these things must appear upon the minutes of the board, as required by section 3413, Code of 1906; otherwise, no statutory lien attaches against the lot, and where the title thereto has passed into the hands of an innocent purchaser no lien lies against the lot.

The suit for the amount due the city on the notes could no doubt be maintained against the maker; but the appellee being a purchaser without notice, and the city having failed to follow the requirements of the statute, which was necessary in order to impress the lot with a paramount lien for the construction of the sidewalk, this proceeding against the lot is not maintainable.

The judgment of the lower court is affirmed.

*Affirmed.*

Smith, C. J. (dissenting).

The purchaser for value without notice doctrine has no application here. If the city obtained a lien on the lot here in question while owned by Bourne, it can be enforced against subsequent purchasers thereof, whether they had or had not notice of the lien when they purchased. As I understood this record, the minutes of the board of aldermen contain no order directing the street commissioner to construct the sidewalk, nor any order assessing the owner of the property with the costs of constructing the sidewalk. Section 3413, Code of 1906, under which the sidewalk was built, does not on its face require an order assessing the costs of construction, and I do not think it necessary for us to decide whether or not the requirement therefor in the preceding section of the Code must be read into it, for the reason that Bourne, the property owner, waived any right he may have had on that score when he executed the lien notes to the city covering his portion of the costs of construction, in which he admitted that the sidewalk had been constructed by the

city, and that his portion of the costs thereof was the amount for which the notes were given.

I am of the opinion, therefore, that the judgment of the court below should be reversed.