## CITY OF McCOMB *v.* FLOWERS.

(Division A.   Jan. 13, 1930.)

[125 So. 565.   No. 28155.]

**W. B. Mixon**, of McComb and **F. J. Lotterhos**, of Jackson, for appellant.

E. G. Williams, of McComb and J. W. Cassedy, Jr., of Brookhaven, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is a suit by the appellant for the collection of the cost of a sidewalk constructed by it along certain property owned by the appellee on a street in the city of McComb. A demurrer to the bill was sustained and the bill was dismissed. The ground of the demurrer here relied on by the appellee is that the bill of complaint does not set forth the ordinances and resolutions passed, and other things done by the appellant in the process of constructing this sidewalk.

The bill alleges, in substance, that the appellant, in accordance with an amendment to its charter, "created a special improvement and assessment district in said city, including the street on which the defendant's said property (previously described in the bill) adjoins and

abuts, for the construction of concrete sidewalks in front of and adjoining the said property of the defendant, and the property of other landowners on said street, and other streets in said district,'' and provided that the costs thereof be assessed and charged against the abutting property and the owners of land adjoining and abutting on the street, for the payment of which a special tax would be levied on the property, ''all of which appears by the minutes of the board of mayor and selectmen of said municipality;'' and thereafter the city constructed the sidewalk at a cost to the appellee of one hundred seventy-five dollars and twenty-five cents, against which no protest of any character was made by the appellee, but, on the contrary, he executed and delivered to the appellant a promissory note by which he agreed to pay the amount assessed against his property in ten annual, equal installments, and containing the following recital: ''This note is given in recognition of the right of the city of McComb City to enforce the payment of the sum hereby promised and secured by lien on account of special improvement or sidewalk assessment on the following described property situated on Missouri Ave., Street, Avenue, in said city of McComb City, Mississippi;— Square 30, Lot 5, which lien is hereby recognized, and the legality of the assessment admitted.''

An amendment to the appellant's charter provides, in effect, that it may construct sidewalks and charge the cost thereof to the owners of property abutting thereon, and that, ''The said city shall have a lien upon said property for the payment of said installments, and if default should be made in the payment of any one of said installments, shall have the same rights against said property for the enforcement of other taxes against the same.''

The allegations of the bill are sufficient to show that the court below had jurisdiction of the suit, and a more particular reference therein, if such was necessary in any state of case, to the particular ordinances and res-

olutions under which the city claimed the right to recover, could only be for the purpose of advising the appellee of the existence thereof. Any necessity therefor here disappears for the reason that the appellee, himself, has solemnly admitted in writing that the appellant did everything necessary to impose on him liability for the assessment, and at least a prima-facie case was made by the setting forth in the bill of that agreement. 5 McQuillan on Municipal Corporations, section 2119; Union Savings Bank & Trust Co. v. City of Jackson, 122 Miss. 557, 84 So. 388; City of Jackson v. Kenny, 122 Miss. 594, 84 So. 689.

But, say counsel for the appellee, this promissory note or agreement is of no validity for two reasons: First, the appellant was without power to accept it; and, second, it is not supported by a consideration.

The amendment to the appellant's charter does not expressly confer upon it the power to take a promissory note from the owners of property abutting on the streets for the cost of sidewalks constructed thereon, but it is not necessary for us to determine whether the appellant has the implied power so to do, for the instrument here under consideration is more than a mere promissory note. It contains an admission that the city had taken all necessary steps to make a valid assessment against the appellee's property, which admission the appellee knew, or is presumed to have known, would be thereafter acted on by the city, and a consideration is not necessary to support an admission against interest.

If there is any invalidity in the appellant's proceedings relating to the construction of the sidewalk and the assessment to the appellee of his pro rata of the cost thereof, he must plead it, and it will be for the court to determine whether he is estopped from so doing, in which connection see the authorities supra.

The decree of the court below will be reversed, the demurrer will be overruled, and the appellee will be giv-

en thirty days after the filing of the mandate in the court below in which to answer the bill of complaint.

Reversed and remanded.